**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| **J. McCLOUD REALTY, LLC** | : | |
| Debtor | : | No. 25-11778(amc) |

**MOTION OF PHILADELPHIA FEDERAL CREDIT UNION FOR RELIEF from
THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§362(d) and (e)
and to PROHIBIT USE of CASH COLLATERAL, PURSUANT TO 11 U.S.C. §363**

Philadelphia Federal Credit Union (**"PFCU"** or the **"Movant"**), by and through its counsel, **KAPLIN STEWART MELOFF REITER & STEIN, P.C.**, hereby moves this court for Relief from the Automatic Stay, pursuant to 11 U.S.C. §§362(d) and (e), and to prohibit use of its cash collateral, pursuant to 11 U.S.C. §363, in support of which averring as follows:

**INTRODUCTION**

1. The Bankruptcy Court has jurisdiction over this core matter, pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(a), (b)(1) and (2)(A) and (M), and 11 U.S.C. §§362 and 363.

2. Venue of this Court is predicated upon 28 U.S.C. §1409.

3. On May 6, 2025 (the **"Petition Date"**), J. McCloud Realty, LLC (the **"Debtor"**) filed a voluntary petition for relief under Subchapter V of Chapter 11 of the U.S. Bankruptcy Code, in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania, at the docket number appearing above (the **"Petition"**).

**THE LOAN TRANSACTIONS**

    A.    **5909 Windsor Street**

4. On October 1, 2021, the Debtor made, executed and delivered a Promissory Note (the **"5909 Note"**) to the Plaintiff, evidencing its indebtedness to the Plaintiff in the original

principal amount of $160,000.00 (the **"5909 Loan"**).

5. A true copy of the 5909 Note is attached hereto as **Exhibit "A"**.

6. At the same time, the parties entered into a Business Loan Agreement (the **"5909 Loan Agreement"**) which sets forth additional terms and conditions applicable to the Loan.

7. A true copy of the 5909 Loan Agreement is attached hereto as **Exhibit "B"**.

8. As an inducement to the Plaintiff to extend the Loan, in consideration of the Plaintiff's decision to do so, and as security for its repayment, the Defendant made, executed and delivered a Mortgage (the **"5909 Mortgage"**) to, and in favor of the Plaintiff, upon a certain parcel of real property, with improvements, located at and known as 5909 Windsor Street, Philadelphia, PA 19143 (OPA 03-4-0918-00; the **"5909 Premises"**), as more fully described therein.

9. The 5909 Mortgage was recorded with the Department of Records of the City of Philadelphia on December 30, 2021, as instrument number 53931014.

10. A true copy of the 5909 Mortgage, containing a legal description of the property it encumbers is attached hereto as **Exhibit "C"**.

11. The 5909 Note and 5909 Mortgage have not been assigned and the Plaintiff remains their holder.

12. Under the terms of the 5909 Note, payments of $974.48 each are due on the 1st day of each month, beginning on November 1, 2021.

13. On the Petition Date, the 5909 Loan was past-due for the June 1, 2024 payment.

B. **3125 North Marston Street**

14. On March 17, 2023, the Debtor made, executed and delivered a Promissory Note

(the **"3125 Note"**) to the Plaintiff, evidencing its indebtedness to the Plaintiff in the original principal amount of $71,250.00 (the **"3125 Loan"**).

15. A true copy of the 3125 Note is attached hereto as **Exhibit "D"**.

16. At the same time, the parties entered into a Business Loan Agreement (the **"3125 Loan Agreement"**) which sets forth additional terms and conditions applicable to the Loan.

17. A true copy of the 3125 Loan Agreement is attached hereto as **Exhibit "E"**.

18. As an inducement to the Plaintiff to extend the 3125 Loan, in consideration of the Plaintiff's decision to do so, and as security for its repayment, the Defendant made, executed and delivered a Mortgage (the **"3125 Mortgage"**) to, and in favor of the Plaintiff, upon a certain parcel of real property, with improvements, located at and known as 3125 N. Marston Street, Philadelphia, PA 19132 (OPA 38-1-2264-00; the **"3125 Premises"**), as more fully described therein.

19. The Mortgage was recorded with the Department of Records of the City of Philadelphia on March 21, 2023, as instrument number 54160598.

20. A true copy of the Mortgage, containing a legal description of the property it encumbers is attached hereto as **Exhibit "F"**.

21. The 3125 Note and 3125 Mortgage have not been assigned and the Plaintiff remains their holder.

22. The Debtor is the real owner of the 3125 Premises and the grantee in the last recorded deed thereto.

23. Under the terms of the 3125 Note, payments of $485.38 each are due on the 1st day of each month, beginning on May 1, 2023.

24. On the Petition Date, the 3125 Loan was past-due for the May, 2024 payment.

C. **Bases for Stay Relief**

25. The Debtor lacks equity in the 5909 Premises.

26. The Debtor lacks equity in the 3125 Premises.

27. A lack of equity in mortgaged property is a failure of "adequate protection" within the meaning of 11 U.S.C. §361.

28. A failure of "adequate protection" constitutes "cause" for relief from the automatic stay according to 11 U.S.C. §362(d)(1).

29. Upon information and belief, neither the 5909 Premises nor the 3125 Premises are are insured against fire and other hazards, with the Movant names as mortgagee/loss payee.

15. Neither the 5909 Premises nor the 3125 Premises are necessary for an effective reorganization of the Debtor, whose sole member is located in Hawaii, more than 4,000 miles away from the Movant's collateral.

D. **Cash Collateral**

16. The rents generated by the 5909 Premises and the 3125 Premises are the Movant's "cash collateral".

17. Copies of the Movant's recorded Assignments of Rents and Leases are attached as **Exhibits "G"** and **"H"**.

18. Upon information and belief, the Debtor is using the rents generated by the 5909 Premises and the 3125 Premises for its own purposes.

19. No Order has been entered (or even <u>sought</u>) permitting the use of the Movant's "cash collateral".

20. The Movant has not consented, and does not consent, to the Debtor's use of its cash collateral.

21. The unauthorized use of the Movant's "cash collateral" also constitutes "cause" for a grant of stay relief.

22. PFCU requests that the 14-day stay of Rule 4001(a)(3) be waived so that the Sheriff's Sales of the 5909 Premises and the 3125 Premises can proceed on July 1, 2025 as scheduled.

**WHEREFORE**, Philadelphia Federal Credit Union requests that this Court enter an Order modifying the Automatic Stay to the extent necessary to permit it to resume its actions to foreclose the Mortgages and cause the Sheriff's Sales of the Premises described above, according to the terms of the Notes and Mortgages and applicable non-bankruptcy law, that the Court waive the stay of Rule 4001(a)(3), and that the Court grant such other and further relief as is necessary and just.

Respectfully submitted,

**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

**By:** */s/ William J. Levant, Esquire*
**William J. Levant, Esquire**
910 Harvest Drive; P.O. Box 3037
Blue Bell, PA 19422
Phone: (610) 941-2474; Facsimile: (610) 684-2020
wlevant@kaplaw.com
Attorneys for Philadelphia Federal Credit Union

Date: May 8, 2025