**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| **J. McCLOUD REALTY, LLC** | : | |
| Debtor | : | No. 25-11778(amc) |

**MOTION of PHILADELPHIA FEDERAL CREDIT UNION**
**for EXPEDITED CONSIDERATION of its MOTION for RELIEF**
**and to <u>PROHIBIT USE OF CASH COLLATERAL</u>**

Philadelphia Federal Credit Union (**"PFCU"** or **"Movant"**), by its counsel, **KAPLIN STEWART MELOFF REITER & STEIN, P.C.**, P.C., moves this Court for Expedited Consideration, pursuant to L.B.R.9014.2, of its Motion for Stay Relief and to Prohibit Use of Cash Collateral and in support thereof, avers as follows:

1. On May 5, 2025 (the **"Petition Date"**), J. McCloud Realty, LLC (the **"Debtor"**) filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the **"Petition"**) which was assigned the above docket number.

2. The Debtor is a Pennsylvania limited liability company, with a registered office address of 175 East Essex Avenue, Lansdowne, PA 19050.

3. The Debtor's principal now resides in Hawaii.

4. As set forth in the Movant's Motion for Stay Relief and to Prohibit Use of Cash Collateral, the rents of two properties owned by the Debtor, 5909 Windsor Street, and 3125 North Marston Street, both in Philadelphia, are the cash collateral of the Movant.

5. Upon information and belief, the Debtor is using, or intends to use, those rents for its own purposes.

6. The Court has not authorized the use of the Movant's cash collateral.

7. The Debtor has neither sought nor received court permission to use PFCU's cash

collateral, and PFCU does not consent to such use.

8. PFCU believes, and therefore avers, that – unless restrained – the Debtor will use or continue to use the rents from the properties mentioned above for its own purposes, too the detriment of PFCU.

9. Once spent, the Movant's cash collateral will be difficult or impossible to recover.

10. Expedited consideration is therefore appropriate to protect PFCU's interest in its collateral

**WHEREFORE**, Philadelphia Federal Credit Union requests that this Court grant expedited consideration as set forth above.

                                  **KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

By:   */S/ William J. Levant, Esquire*
         William J. Levant, Esquire
         Counsel for Philadelphia Federal Credit Union

Date: May 8, 2025