**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| J McCloud Realty LLC, | § | Case No. 25-11778-AMC |
| | § | |
| Debtor. | § | |
| | § | |

**MOTION OF THE UNITED STATES TRUSTEE TO DISMISS DEBTOR'S
CASE OR CONVERT TO CHAPTER 7**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby moves (this "Motion") for entry of an order, pursuant to section 1112(b) of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code"), dismissing the above-captioned case or converting the case to chapter 7. In support of this Motion, the U.S. Trustee states as follows:

**JURISDICTION**

1. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the Eastern District of Pennsylvania issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Motion.

2. Under Bankruptcy Code section 307, the U.S. Trustee has standing to be heard on the Motion.

3. The U.S. Trustee consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot

1

enter a final order or judgment consistent with Article III of the United States Constitution. *See* L.B.R. 9014-3(b)(2).

## BACKGROUND AND FACTS

4. On May 6, 2025 (the "Petition Date"), J McCloud Realty LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtor has not filed all the documents required by rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), including the *Schedules of Assets and Labilities* and *Statement of Financial Affairs*.

6. The Debtor has indicated that it does not have an account at any bank. The Debtor has further indicated that it does not have any cash.

7. Upon information and belief, payment to counsel was made by the Debtor's sole member and not the Debtor, which would be consistent with the indications that the Debtor does not hold any funds or have any bank accounts and further indicates that the corporate funds may be under the control of the individual rather than the Debtor. *See Declaration of Brad J. Sadek in Support of Application to Employ Sadek Law Offices LLC as Attorney for Debtor* (Docket No. 16-2, ¶ 5).

## RELIEF REQUESTED

8. Through this Motion, the U.S. Trustee seeks entry of an order dismissing the Debtor's case or converting the case to chapter 7.

## DISCUSSION

9. Absent unusual circumstances, the Bankruptcy Court *shall* convert or dismiss a case for cause, taking into consideration the "best interests of the creditors and the estate." 11 U.S.C. § 1112(b)(1); *In re Am. Capital Equip., LLC*, 688 F.3d 145, 161 (3d Cir. 2012). Bankruptcy Code section 1112 does not explicitly define "cause." Subsection (b)(4) sets out a non-exclusive list of grounds that constitute cause for purposes of either converting or dismissing a chapter 11 case, "whichever is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1).

10. Once the Bankruptcy Court finds cause, the burden shifts to the opposing party to demonstrate "unusual circumstances" establishing that dismissal or conversion would not be in the best interests of the estate and the creditors. 11 U.S.C. § 1112(b)(2); *In re Grasso*, 497 B.R. 448, 455 (Bankr. E.D. Pa. 2013).

11. The Bankruptcy Court has considerable discretion in determining whether to dismiss a case or rather to convert a case to Chapter 7. *In re SGL Carbon Corp.*, 200 F.3d 154, 159 (3d Cir. 1999).

A. **Cause Exists Pursuant to Bankruptcy Code section 1112(b)(4)(A)**

12.    Cause, as defined in Bankruptcy Code section 1112(b), includes the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). Here, the Debtor has asserted that the path forward is through a sale process. However, no such process has been initiated and upon information and belief, any sale process will be opposed by the secured lender. *See* Docket No. 11. Furthermore, the secured lender has objected to the use of its asserted cash collateral. *Id.* The Debtor has not demonstrated a viable strategy for rehabilitation nor demonstrated that continuing in bankruptcy will result in anything other than a substantial or continuing loss to or diminution of the estate.

B. **Cause Exists Pursuant to Bankruptcy Code section 1112(b)(4)(B)**

13.    Cause, as defined in Bankruptcy Code section 1112(b), includes the "gross mismanagement of the estate." 11 U.S.C. § 1112(b)(4)(B). Upon information and belief, the Debtor is operating its business without a bank account and therefore lacks the corporate controls over its funds and operations that are required of a fiduciary, including safeguards regarding control and use of the corporate funds by the individual sole member, which constitutes gross mismanagement of the estate.

C. **Cause Exists Pursuant to Bankruptcy Code section 1112(b)(4)(D)**

14.    Cause, as defined in Bankruptcy Code section 1112(b), includes the "unauthorized use of cash collateral substantially harmful to 1 or more creditors."

4

11 U.S.C. § 1112(b)(4)(F). The Debtor has not obtained consent of the secured creditor to use its cash collateral nor obtained approval from this Court. Any use without appropriate safeguards is to the detriment of the estate.

## CONCLUSION

**WHEREFORE,** the U.S. Trustee respectfully requests the entry of an order granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: May 14, 2025            Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Regions 3 and 9**

By: /s/ *John Schanne*
    John Schanne, Trial Attorney
    Office of The United States Trustee
    Robert NC Nix, Sr. Federal Building
    900 Market Street, Suite 320
    Philadelphia, PA 19107
    Phone: 202.934.4154
    John.Schanne@usdoj.gov