UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J McCloud Realty LLC,<br><br>*Debtor.* | Case No. 25-11778-amc<br>Chapter 7 |

### Declaration of Michael I. Assad in Support of Sadek Law Offices LLC's Motion to Withdraw as Attorney for Debtor

I, Michael I. Assad, declare as follows:

1. I am employed as an associate attorney at Sadek Law Offices LLC, which is presently the attorney for Debtor J McCloud Realty LLC in the above bankruptcy case. Although I typically represent consumer debtors in cases under chapters 7 and 13, I have substantial experience representing corporate debtors under chapters 7 and 11, and have successfully prosecuted confirmation of several chapter 11 plans.

2. I make this declaration in support of my firm's motion to withdraw as attorney for the Debtor. Because the Debtor has filed an objection to the motion, this declaration is appropriate under Pa. R. Prof'l. Cond. 1.6(c)(4).

3. From the beginning, I told the Debtor's principal that a chapter 11 filing was unlikely to be successful. I expected that the onerous requirements of being a debtor under chapter 11 would be difficult for a closely-held company with few assets, little cash flow, and no significant operational structure.

4. For that reason, I initially declined to file a chapter 11 case for the Debtor. In response, the Debtor's principal became belligerent and, over a two-hour period, repeatedly called both my office and the personal mobile phone of a colleague until I agreed to file this case.

5. Although I had reservations about the case, I made every effort to achieve a good result for the Debtor and its bankruptcy estate. I believed a positive outcome was possible, if unlikely.

6. When this case was filed, I questioned the Debtor's principal about the Debtor's assets, liabilities, and other relevant matters necessary to determine appropriate post-filing steps. I also provided the Debtor's principal with a comprehensive written explanation of the Debtor's obligations under chapter 11 of the Bankruptcy Code. The written documentation included a list of documents and information the Debtor was required to submit to me so that I could prepare its schedules, statements, and other filings required by the Bankruptcy Code. It also included a copy of the U.S. Trustee's Operating Guidelines and Reporting Requirements.

7. Despite receiving both oral and written explanations of its duties under chapter 11 and the specific information required for compliance, the Debtor has consistently demonstrated a pattern of non-cooperation, incomplete or inaccurate disclosures, and a lack of transparency.

8. The Debtor's lack of transparency caused this case to quickly unravel. Without complete and accurate information, I was unable facilitate the Debtor's compliance with the Bankruptcy Code. Despite being fully informed of its obligations—and despite my having asked all appropriate questions—the Debtor has attempted to deflect responsibility for the consequences of its own conduct by blaming me and my firm for the present state of this case.

9. I cannot ethically or effectively continue representation of the Debtor under these circumstances, for several reasons.

10. First, I cannot fulfill my professional obligations to a client that is not forthcoming. I must be able to rely on the completeness and accuracy of the information provided by my client to prepare required filings, effectively advocate for their interests before the Court, and facilitate compliance with the Bankruptcy Code.

11. Second, the Debtor insists on pursuing appeals from the Court's orders granting relief from the automatic stay and converting this case to chapter 7. In my professional judgment, an appeal of the relief order cannot be supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Although the Debtor may have grounds to appeal the conversion order, such an appeal would be futile, as reconversion to chapter 11 would not reinstate the automatic stay or prevent the sale of the Debtor's properties.

12. Finally, as an attorney, I am only able to help clients who are willing to be guided by my legal advice. The Debtor's principal has consistently ignored my legal advice and has become hostile, even belligerent, when I provide advice that she does not wish to hear.

13. For these reasons, I respectfully request that the Court grant my firm's motion to withdraw as attorney for the Debtor.

14. I declare under penalty of perjury that the above is true and correct to the best of my knowledge, information, and belief.

Date: June 6, 2025

_____
Michael I. Assad