**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA**

**In re:**
**J McCloud Realty LLC,**
**Debtor.**



**Chapter 7**
**Case No. 25-11778-AMC**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re:

J McCloud Realty LLC,

Debtor.

Chapter 7

Case No. 25-11778-AMC

## MOTION FOR RECONSIDERATION, OBJECTION TO ATTORNEY COMPENSATION, REQUEST FOR CONVERSION TO CHAPTER 11, OR, IN THE ALTERNATIVE, DISMISSAL OF CHAPTER 7; AND MOTION FOR SANCTIONS DUE TO ATTORNEY MISCONDUCT

### 1. Chapter 11 Reorganization Potential

J McCloud Realty LLC owns multiple income-generating real estate properties critical to its business operations, including:
- 5909 Windsor Avenue, Philadelphia PA 19143
- 3125 N Marston Street, Philadelphia PA 19132

J McCloud Realty LLC continued operation and ability to satisfy creditor obligations depend on preserving these properties. Reinstating Chapter 11 would allow the Debtor to present a reorganization plan that includes arrears resolution and property retention, which would benefit creditors more than liquidation under Chapter 7.

### 2. Reconsideration of Relief from Stay

As documented in Exhibit C, J McCloud Realty LLC made timely requests to prior counsel to file an appeal of the Court's denial of the motion for relief from stay. Counsel refused to file the appeal and instead submitted an improper extension request, which the Court later clarified did not exist or toll the

**1**

deadline.

This failure caused the Debtor to miss the appeal deadline and exposed its properties to immediate foreclosure. The Debtor asserts this directly resulted from counsel's neglect and bad faith. The Court should therefore reconsider the relief from stay motion, especially given that the Debtor remains willing and able to address arrears.

### 3. Objection to Attorney Compensation and Sanctions Request

The Debtor objects to any compensation being awarded to its former attorney, Brad Sadek, due to multiple instances of misconduct, including but not limited to:

- False Statements to the Court: Counsel represented that the Debtor had no bank account (see Exhibit B), while emails and banking documentation (see Exhibit E) confirm the existence of a business account with Philadelphia Federal Credit Union (PFCU), with rent income being held and used to pay legal fees.
- Refusal to File Critical Motions: Despite clear email instructions from the Debtor, counsel refused to file the appeal of the stay relief denial and the objection to Chapter 7 conversion (see Exhibit C).
- Failure to Perform Agreed-Upon Work: Counsel failed to file agreed-upon motions, failed to prepare for court appropriately, and misled the Debtor regarding next steps (see Exhibit A and Exhibit H).
- Inaccurate Billing and Reporting: Counsel charged for services advertised as free (see Exhibit D) and reported only $6,700 in fees to the Court, while receiving $12,500 in actual payments from the Debtor (see Exhibit A).
- Advising Debtor Not to Appear in Court: Prior counsel advised the Debtor to skip proceedings where presence was important, leading to confusion and further prejudice (see Exhibit H).
- Improper Use of Debtor Funds: Counsel acknowledged via email that legal fees were paid from rent income held by the Debtor, but later misrepresented the source of these funds to the Court and Trustee (see Exhibit E).

The Debtor therefore respectfully requests:
- Denial of all compensation to prior counsel;
- Reimbursement of fees already paid;
- Referral of the attorney to appropriate disciplinary authorities for review of misconduct;
- Authorization for the Debtor to recover costs associated with securing new legal representation;
- Sanctions as appropriate, including disbarment review.

### 4. Request for Alternative Relief — Dismissal of Case

In the event the Court does not find reconversion to Chapter 11 appropriate, the Debtor respectfully requests that this case be dismissed.

Dismissal would allow the Debtor to defend its property interests in state court. The Debtor's properties, particularly 5909 Windsor Avenue and 3125 N Marston Street, are the foundation of its business operations. Retaining these assets is essential for business continuity, repayment of obligations, and overall asset preservation for the benefit of creditors and stakeholders.

### 5. Relief Requested

WHEREFORE, the Debtor respectfully requests that the Court:

- Reconsider and reverse the conversion of this case to Chapter 7;
- Convert the case to Chapter 11;
- Reinstate and reconsider the motion for relief from stay;
- Deny all fee compensation to prior counsel;
- Order sanctions against prior counsel for misconduct and misrepresentation;
- Refer prior counsel for professional disciplinary review;
- Dismiss the case if reconversion is not granted; and
- Grant such further relief as the Court deems just and proper.


Respectfully submitted,

J McCloud Realty LLC

By: Jamirah McCloud, Managing Member    6/13/2025

Phone: 610-931-8519

Phone: 215-888-3198
Email:
Jmccloudrealty@gmail.com
Date: June 12, 2025




# Proposed Exhibit List for Motion – J McCloud Realty LLC

**Case No. 25-11778-AMC**

3