**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| **J. McCLOUD REALTY, LLC** | : | Hearing: June 25. 2025 – 12:30 PM |
| Debtor | : | No. 25-11778(amc) |

**RESPONSE of PHILADELPHIA FEDERAL CREDIT UNION
to DEBTOR'S MOTION for RECONSIDERATION of STAY RELIEF ORDER**

Philadelphia Federal Credit Union (**'PFCU"**), by its undersigned counsel, hereby responds to the Debtor's *pro se* Motion for Reconsideration (the **"Motion"**) of the Court's Order (docket #66) granting PFCU stay relief.

The Motion sets forth no basis upon which reconsideration would be appropriate. We still do not know where the rents generated by the properties between May 6, 2025 and the present have gone. We still know nothing about the Debtor's cash position on the filing date (important because, presumably, all of the Debtor's cash-on-hand at that time represented rent previously collected, which is PFCU's cash collateral). We still know nothing of the Debtor's assets and liabilities, because no schedules or statements have yet been filed.

These shortcomings reinforce the Court's conclusion that "cause" existed to grant stay relief.

Real Estate Taxes for the Debtor's properties (5909 Windsor Street and 3125 N. Marston Street, both in Philadelphia) are delinquent from 2022 to date. If, as the Debtor's principal claims, these are "income-generating" properties, then there would appear to be no reason why the real estate taxes have not been paid for several years. Those taxes are ahead of PFCU's mortgages, and consequently erode PFCU's equity in the properties as interest and penalties accrue.

Though the debtor did have a checking account with the Plaintiff, the account was overdrawn, and closed by PFCU in July, 2022. Thus, the rents that the Debtor collected, both pre- and post-petition, were not deposited there.

PFCU takes no position regarding the Debtor's claims of attorney wrongdoing. Even if the allegations are true, they do not bear upon PFCU's right to stay relief. It would appear that this Chapter 11 case was doomed from the outset, given the Debtor's apparent lack of records, the Debtor's lack of any source of income other than PFCU's cash collateral, for which the Debtor could not account, and which the Debtor has used – and, presumably, continues to use – without oversight or permission), and the razor-thin margin on which the Debtor's business appears to have operated, with more than $1,400.00 in loan payments due PFCU each month[1].

Oh, and a Debtor that is not a natural person must be represented by counsel.

In the absence of unanticipated (and unlikely) evidence to the contrary, reconsideration must be denied.

**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

By:    */S/ William J. Levant, Esquire*
       WILLIAM J. LEVANT, ESQUIRE
       Attorneys for Philadelphia Federal Credit Union

Date: June 18, 2025

---

[1] Both properties are single-family residences, according to city records. 5909 Windsor Ave. is assessed at $112,500.00; 3125 N. Marston St. is assessed at $68,500.00. Using 2% of these values (in the absence of filed schedules) as a *very* rough estimate of appropriate rent yields gross monthly rental income of $3,620. Annual taxes on the properties are about $200 a month. When you add in insurance, water/sewer charges, and either gas or heating oil and the $1,400.00 in loan payments due every month, it becomes obvious that this Debtor can't effectively reorganize and keep the properties. Without the properties – which, the Debtor admits, are its entire business -- there's effectively no Debtor left.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| **J. McCLOUD REALTY, LLC** | : | Hearing: June 25. 2025 – 12:30 PM |
| Debtor | : | No. 25-11778(amc) |

## **CERTIFICATE OF SERVICE**

I, William J. Levant, Esq., hereby certify that on June 18, 2025, I did send a copy of the Response of Philadelphia Federal Credit Union to the Debtor's Motion for Reconsideration to the persons named below, by the means indicated :

| | |
|---|---|
| J. McCloud Realty, LLC<br>4607 Miller Street<br>Wahiawa, HI 96786<br>jmccloudrealty@gmail.com | First Class Mail and email |
| Brad Sadek, Esquire<br>Debtor's attorney | (sent by ECF) |
| Holly Smith Miller, Esquire | (sent by ECF) |
| Office of the US Trustee | (sent by ECF) |

**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

By:   */S/ William J. Levant, Esquire*
      WILLIAM J. LEVANT, ESQUIRE
      Attorneys for Philadelphia Federal Credit Union