**Date:** 05/14/2025 19:00

**From:** michael@sadeklaw.com

**To:** jmccloudrealty@gmail.com

**CC:** brad@sadeklaw.com



**Subject: Important Bankruptcy Update**

Hello Jamirah,

I want to update you on today's court hearing on the mortgage company's motion for relief from the automatic stay. As I expected, the judge did not grant the motion today.

However, the hearing did not go well. The judge was angry when she learned that the company was operating without a bank account before the case was filed, and she was also angry that the rents collected over the past year have not been saved. In short, she does not believe that the company has managed and spent its money in good faith before the case was filed. I am not saying that is my opinion, but the reality of it is that the way the company has been running is not a great look. There are not a lot of great answers to the questions the judge has.

In light of that, the judge stated that if any creditors or parties in interest filed a motion to dismiss the case, she would grant it. Shortly after the hearing, the United States Trustee filed a motion asking the court to either dismiss the case or convert it to chapter 7.  A copy of the motion to dismiss is attached. The judge will hold a hearing on the motion next Wednesday. She is certain to grant the motion.

Although I am disappointed that the case is not working out as we had hoped it would, I am not exactly surprised. Before this case was filed, I explained that I would rather not file it because I did not believe it was a viable case. Ultimately, we filed the case because you insisted. Once the case was filed, I tried my very best to make it work.

Even though the case did not work out in the long run, it still pushed the sheriff sale to July. That means there is still time to sell the properties as you had planned to do before. From this point forward, you put your efforts into trying to get the properties sold before the sheriff sale.

Although I understand you may want to fight this and try to make this bankruptcy case successful, you will only waste precious time and energy that you could devote to saving your properties by selling them.

Given all of this, I suggest that we file a motion to voluntarily dismiss this bankruptcy case. If we try to press forward, you run the risk that the judge will convert the case to chapter 7, which would put the properties in control of a trustee who would be charged with liquidating them. If you voluntarily dismiss the case, you do not have that risk and will be able to sell the properties before July.

Please let me know if you are agreeable to voluntarily dismissing the case. I will be available tomorrow to answer any questions that you may have. Because I will be in court for much of the day, email will be the best way to reach me.

Mike

**Date:** 05/15/2025 06:40

**From:** jmccloudrealty@gmail.com

**To:** michael@sadeklaw.com

**Subject: Re: Important Bankruptcy Update**

Why did you tell the court we have been operating without a bank account ? We expressed we were making regular payments online and they stopped us from being able to pay. J  McCloud Realty LLC still has a bank account . You didn't ask for anything pertaining to proof of having a bank account. WE don't have a bank account on that's on the list however the account we currently have is with the PFCU.
Sent from my iPhone

**Date:** 05/15/2025 10:50

**From:** michael@sadeklaw.com

**CC:** brad@sadeklaw.com, jmccloudrealty@gmail.com

**Subject: Re: Important Bankruptcy Update**

I told the judge that there was no bank account because that is what I was told. I was told that there was no bank account for the company, and that the money was being collected from tenants by Khalilah and deposited into her personal bank account. Even if there is a bank account, not using it is just as bad as not having from the judge's point of view.

But I absolutely asked if there was a bank account. I have filed hundreds of bankruptcy cases and never not asked someone if they had a bank account. Especially in a corporate case. If I was aware of the bank account, I would have asked for twelve months of statements. I also sent you a requirements letter on May 6, immediately after the case was filed. A copy is attached. On page three, it requests "Bank account statements for all accounts for the past 12 months, even if they are now closed."

On Tuesday, you sent me an email stating that the company's gross receipts for 2025 to date are $14,000, and that in 2024, gross receipts were $31,200. Where is that money? How much was in the bank account before the case was filed? Why was money being deposited into Khalilah's account instead of the corporate account?

I need answers to these questions in writing before I will speak on the phone about this.

Mike Assad
Attorney at Law
Sadek Law Offices, LLC
Phone (PA): 215-545-0008
Phone (NJ): 856-890-9003

**Date:** 05/15/2025 12:22

**From:** jmccloudrealty@gmail.com

**To:** michael@sadeklaw.com

**Subject: Re: Important Bankruptcy Update**

Per our discussion we communicated that we have a business bank account but PFCU would NOT let me have  access to it. We also disclosed PFCU  wouldn't allow our tenants to deposit money in the bank for us. (Aimee Harmon) The reason Khalilah was allowed to collect rent is because at the time Zelle was the best option for both the tenants and my company. On the Zelle records in the notes it states what the money is for. My mom works for me. I  also fwd you emails with the conversations between stating that I have the rents collected but no way to  pay. As far as $14000 I had to pay lawyer fees you charged me $12000 and I also had to pay for chapter 13  I also paid a lawyer to prior to retaining your firm. I pay the insurance and my SBA loan. Though it is frowned upon mixing
  Business and personal it is not illegal especially being sole member llc. I think the confusion came with not having a bank account came from you giving me a list that didn't have PFCU listed . I have always maintained a bank account it wasn't until the theft that I didn't have access
Sent from my iPhone

**Date:** 05/15/2025 16:06

**From:** michael@sadeklaw.com

**To:** jmccloudrealty@gmail.com

**CC:** brad@sadeklaw.com

**Subject: Re: Important Bankruptcy Update**

From what I see, nothing that has been done is illegal. But the problem is not the legality of it. The problem is that the way the company has been managed has not preserved the company's resources. In the judge's eyes, that is bad faith that warrants dismissal of the case.

I do not have a problem with any of this. This is not me raising these concerns. It is the judge. And the problem with that is that there are not a lot of good answers either you or I can give her that will save the case.

Since January 1, 2024, the company has grossed $45,200. You paid us $12,500 for legal fees, and even if you paid $10,000 for insurance and $5,000 to the SBA, that leaves almost $20,000 unaccounted for. Where is that money?

Before this case was filed, you told us you did not have the $10,000 to file it. When we would not agree to lower fees, you then paid in multiple smaller payments - I believe you mentioned that you were asking people to lend you the money as you sent it.

That means one of two things is true - either you were lying to me when you told me you did not have the money to pay our fees and were asking us to work essentially for free, or you are lying now when you are telling me that you saved the company's money and used it to pay our fees. Neither possibility reflects well on you.

The ultimate problem is that I do not know what to believe. Aside from the bank account issue, there are other problems. I was not made aware that the company had signed an assignment of rents agreement with PFCU until it filed a motion after the case was filed, and I was not made aware of the SBA loan until Monday. Even though, before the case was filed, I asked you if the company had any other debts besides the mortgages. You told me it did not.

Had I been aware of the rent assignment loan and the SBA loans before the case was filed, I would have filed motions for approval of cash collateral, which are required under the bankruptcy code. The judge is also angry that those motions were not filed at the beginning of the case.

Ultimately, as I explained last night, this case is going to be dismissed because there are no good defenses to the concerns the judge has raised. You can either waste your time trying to argue about it, or you can accept it and put your time and energy into working out a solution that will help you achieve your goal of selling the properties.

Mike Assad
Attorney at Law
Sadek Law Offices, LLC
Phone (PA): 215-545-0008
Phone (NJ): 856-890-9003

**Date:** 05/15/2025 16:59

**From:** khalilahboyd@me.com

**To:** brad@sadeklaw.com

**Subject: Re: Important Bankruptcy Update**


First off I am no liar and I want to discuss my options. I do not know anything about bankruptcy
therefore I hired you to help me. I wasn't aware that I assigned rents to the bank when I signed
my loan therefore I didn't  keep that from you. Also we only discussed my personal debt and
never discussed the business debt because you were hired the morning of the sale and all you
were worried about is how I was going to pay you. I told you that we  have the rent money set
aside to give to the bank. Which was 6 months behind at the time we talked in February. My last
payment was made in side of the bank  7/30/2024. Per our discussion It was to my understanding
that I couldn't pay for the bankruptcy out my own account and you suggested to have other
people call in to make the payment for me. So yes  technically I borrowed the money to pay the
retainer ONLY because that was the quickest way to pay you. I offered to pay you with one
payment via check and you said we didn't have time to verify the check. Nevertheless there was
no discussion had about my business so how could I disclose this information? I do not want to
play the blame game . I would like to know my options and how I can move forward.
Sent from my iPhone

**Date:** 05/15/2025 17:33

**From:** michael@sadeklaw.com

**To:** jmccloudrealty@gmail.com

**CC:** brad@sadeklaw.com

**Subject: Re: Important Bankruptcy Update**

You asked me if you could give us a post-dated check, which is not something someone asks when they have money in their account. Beyond that, I explained that, under any circumstances, we do not begin representation until a check has cleared. In any event, nobody told you that you could not pay the fees out of your own pocket, and there are other methods of payment that you could have used immediately that were not a check.

Call us whatever you want, but do not call us greedy. We told you several times we did not want to take the case, and turned down the opportunity to be paid $10,000. We even offered to refund $2,000 of the $2,500 you paid us for the chapter 13 so that you could use it to find another attorney. But once we agree to take a case, we do have to be paid before it is filed. And as I explained to you, every good attorney would charge you more than $12,000 for this case (including me, which is why I am sure I never quoted that price to you at any time).

I have already explained your options. You can either accept that this case will be dismissed, or you can waste time trying to change that.

The hearing will be on Wednesday, May 21, at 11:00 a.m. EST. I will appear at the hearing and inform the court that, as an officer of the court, I can offer no defense to the motion that is warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

If you are able to find an attorney that believes they are able to defend the motion, you may fire me and hire them to appear at the hearing instead. In any event, if you would like to appear at the hearing and have an opportunity to be heard, you may do so. To attend the hearing you may call 646-828-7666 or join Zoom Meeting ID 160 6807 8081.

Mike Assad
Attorney at Law
Sadek Law Offices, LLC
Phone (PA): 215-545-0008
Phone (NJ): 856-890-9003

**Date:** 05/15/2025 17:37

**From:** jmccloudrealty@gmail.com

**To:** michael@sadeklaw.com

**Subject: Re: Important Bankruptcy Update**

It sounds like you are firing me . What happens to the money I gave to retain your firm ?
Sent from my iPhone

**Date:** 05/15/2025 18:47

**From:** michael@sadeklaw.com

**To:** jmccloudrealty@gmail.com

**CC:** brad@sadeklaw.com

**Subject: Re: Important Bankruptcy Update**

We will continue to represent the company until we am replaced or until the case is dismissed. Until that time, w will offer every possible defense allowed by law. The problem is that we do not see any such defenses.

Under our retainer agreement, we bill against the retainer at a rate of $475 per hour. Attached is a current accounting of time expended on this case. It shows that 23.10 hours have been expended on the case, which equals $10,972.50 in fees, and that we paid the court filing fee of $1,738.00. At this time, the total is $12,710.50. That means the retainer has been exhausted and $710 is due. Under the retainer agreement, we would collect that $710 (and all the fees we would earn on the remainder of the case) through the bankruptcy plan if the case continued. If the case is dismissed, the retainer agreement allows us to bill you for the balance, but we do not intend to do so.

Mike Assad
Attorney at Law
Sadek Law Offices, LLC
Phone (PA): 215-545-0008
Phone (NJ): 856-890-9003

**Date:** 05/15/2025 18:56

**From:** khalilahboyd@me.com

**To:** michael@sadeklaw.com, brad@sadeklaw.com

**Subject: I have no access to my bank account**

Hi Mike and Brad,

By no means am I calling you greedy . I was merely trying to explain why we didn't go over my ch 11 bankruptcy. I do not want to fight. I understand yesterday didn't go as planned and yes the judge was mad but law states we are still able to submit information that wasn't omitted via amendments even after you file. So let's get this done! I need to know are you dropping me as a client? I only have a few days to get things done and I believe we're better together. I understand that you didn't have enough time to review everything needed for defense especially since their lawyer blindsided you with an emergency motion of relief. I am still not able to gain access to the bank accounts because they have me blocked and when I called to request information via phone I am directed to their lawyer. I am too far away to hire someone new so hopefully we can put yesterday behind us and move forward. I don't know how I am expected to conduct business if the bank blocked me and when I asked if the tenants could make direct payments I was told no. Like I explained the bank blocked my access to the accounts and it's still blocked . I need clarification on what the judge ruled and can you appeal the ruling ? Please do not give up these people are crooked and I know you don't want to see evil prevail. I would like to have a phone conversation asap Hope to hear from you soon

**Date:** 05/19/2025 17:10

**From:** jmccloudrealty@gmail.com

**To:** michael@sadeklaw.com, brad@sadeklaw.com

**Subject: Are you working on my chapter 11 bankruptcy?**

Hi Mike and Brad

I am not sure why you are refusing to return my calls. You gave me a list of things to be completed before May 21, 2025 and I can not do some of them without you. I stated the Business bank account is with PFCU and they will not give me access to the account.Therefore I cannot get bank statements nor close the account.That also stops me from opening the DIP account because it states all bank accounts must be closed before opening this type of account. I was advised by Madison (PFCU representative) to have my lawyer call to request any information regarding J McCloud Realty LLC. The number I was provided is 215-934-3504 . Also I do not like that we are waiting until the last minute to get this done. Because we have not spoken I am also clueless to what actually happened when you attended court last week. I expect you to work with me to present a plan to the bankruptcy court for reconstruction my business. Please call me 215-888-3198 or my mom 610-931-8519 who can handle things in my absence. If you would like to call after normal business hours that is fine I just want to get this done
Sent from my iPhone

**Date:** 05/20/2025 11:12

**From:** michael@sadeklaw.com

**To:** jmccloudrealty@gmail.com

**CC:** brad@sadeklaw.com

**Subject: Re: Are you working on my chapter 11 bankruptcy?**

I am sorry that I did not reply sooner, I was out of the office unexpectedly yesterday.

My emails from last week were straightforward in explaining the problems in this case. They were also straightforward in explaining my legal advice, which is that I do not believe the company has a valid defense to the motion to dismiss. At this point, there are three options, all of which I have made clear to you already:

1. You can accept that the case will be dismissed, and not attend the hearing tomorrow.
2. You can not accept the case will be dismissed, and attend the hearing and be heard by the judge.
3. If you can find a lawyer who does believe that there is a valid defense to dismissal, you can hire that lawyer to represent the company at the hearing instead of me.

As I explained before, unless you pick option number three and hire a new lawyer, I will attend the hearing tomorrow and represent the company. However, as I have explained already, all I can do at this point is inform the court that there is no defense to dismissal of the case that is valid under the law.

Mike Assad
Attorney at Law
Sadek Law Offices, LLC
Phone (PA): 215-545-0008
Phone (NJ): 856-890-9003

**Date:** 05/20/2025 12:55

**From:** jmccloudrealty@gmail.com

**To:** michael@sadeklaw.com

**Subject: Re: Are you working on my chapter 11 bankruptcy?**

Mike and Brad,

I am formally requesting that you file a voluntary dismissal of the Chapter 11 bankruptcy case filed on behalf of J. McCloud Realty LLC. Additionally, I am requesting a full refund for the services rendered, as I believe you have misrepresented both myself and my company during your representation.

Your invoice includes exaggerated and inaccurate charges for work that was not performed. You were retained to competently advise and represent my company, but your actions and omissions throughout this case reflect otherwise. Specifically:
•    You claimed ignorance of the assignment of rents provision, yet that information was disclosed by opposing counsel upon the emergency filing. If you had reviewed the promissory note carefully, this should have been apparent to you.
•    You advised filing a Chapter 13 case despite knowing the bank and its counsel were unwilling to postpone the sheriff's sale. This action resulted in unnecessary legal fees and a filing that should never have occurred.
•    Your invoice includes charges for a consultation that allegedly took place before you were officially retained—on the morning of May 6, 2025. Billing for services before formal engagement is both unethical and unacceptable.
•    Your courtroom statements suggested J. McCloud Realty LLC was operating without a bank account, without clarifying that access had been blocked by the bank. This omission was misleading and detrimental to our case.
•    You were provided with relevant information, including the existence of a bank account and the need for tenants to use Zelle due to access issues. Your failure to incorporate or communicate this properly is concerning.

Moreover, the duration of phone calls and other communications listed in your invoice do not align with my call logs, which show significantly less time spent.

Given these issues, I believe your conduct fell short of professional standards, and I am requesting a full refund. If this matter is not resolved promptly, I will have no choice but to file a formal complaint with the appropriate disciplinary counsel.

I hope we can resolve this matter without further escalation.

Sincerely,
Jamirah McCloud-Ford
Sent from my iPhone

**Date:** 05/21/2025 08:50

**From:** michael@sadeklaw.com

**To:** jmccloudrealty@gmail.com

**CC:** brad@sadeklaw.com

**Subject: Re: Are you working on my chapter 11 bankruptcy?**

We will request dismissal of the case at the hearing per your request below. We will also address each of these concerns below in a more detailed email within 24 hours.

Mike Assad
Attorney at Law
Sadek Law Offices, LLC
Phone (PA): 215-545-0008
Phone (NJ): 856-890-9003

**Date:** 05/21/2025 16:42

**From:** michael@sadeklaw.com

**To:** jmccloudrealty@gmail.com

**CC:** brad@sadeklaw.com

**Subject: Re: Are you working on my chapter 11 bankruptcy?**

First, I want to make you aware of what happened at the hearing this morning.

I appeared at the hearing and requested that the Court dismiss the case. The United States Trustee, the Subchapter V trustee, and the attorney for the mortgage company all requested that the case be converted to Chapter 7 instead. I objected to that request.

However, the Judge again stated that she has concerns about how money was handled before the case was filed. Because of those concerns, she decided to convert the case to Chapter 7 instead of dismissing it, so that the bankruptcy process will continue and she can get answers. She also granted relief from the automatic stay to the mortgage company, which will allow the sheriff's sale to proceed in July.

The Court will soon appoint a chapter 7 trustee. That trustee will have full control of the company and its assets, which means you cannot sell the properties on your own before the sheriff sale. If you have a potential buyer, that buyer can potentially buy the property with the consent of the bank and the chapter 7 trustee. If that happens, any profits from the sale will still go to the business after liens are paid.

When these issues came up a week ago, I made it clear to you that the best course of action was to immediately seek dismissal of the case, and that spending time trying to deny reality would only hurt your position. Had you requested dismissal a week ago, I believe the outcome today could have been different.

Second, I want to address your concerns about the quality of our representation, because those concerns are entirely without merit.

From the beginning, we advised you that a Chapter 11 case was unlikely to succeed. That is why we initially recommended filing a Chapter 13 case instead. Before filing that case, we informed you in writing that there was no guarantee it would stop the sheriff's sale. After the case was filed and the lender informed us that the Chapter 13 filing would not stop the sheriff sale, we offered to refund our fees. You declined that offer and insisted that we file a Chapter 11 case. When we initially refused, you became belligerent, repeatedly calling our office and even one of our attorneys' personal cell phones until we agreed to file the case.

For you to now accuse us of mishandling your case (after you harassed us into filing it) is absurd. As I told you after the case was filed, it was my goal to get the best result possible for you. And I made every effort to do so. The real problems in this case stem from your unwillingness to accept any advice you didn't want to hear, and your failure to be upfront with us.

Before we filed the case, I asked if the company owed any debts beyond the two mortgages. You said no. Despite that, I later learned of two additional obligations, the rent assignment agreement and the SBA loan.

Because of the rent assignment agreement, we needed to file a motion to use cash collateral on the day the case was filed. But since you didn't disclose that agreement (which you signed), no such motion was filed. We only learned of the agreement after the lender filed their motion. The failure to file that motion was a major blow to your case and raised an immediate red flag with the judge. If it was not for that, the case would probably not have unraveled the way that it did.

The SBA loan should also have been disclosed at the outset, since it similarly required a cash collateral motion. But that loan wasn't mentioned until days after the filing.

Every statement I made on behalf of the company in court was based on information you provided to us. You never disclosed the existence of a bank account until after last week's hearing, even though I specifically asked, and even though I sent you a requirements letter on May 6 asking for a year of bank statements (which were never provided).

Even so, the existence of that account doesn't change anything, because it wasn't being used. Your claim that the lender blocked your access doesn't excuse the issue because you could have opened a new account elsewhere. The point is, the business wasn't depositing funds into an active corporate account. That was the problem.

Finally, regarding the invoice: the retainer agreement you signed allows us to bill for all services related to the bankruptcy case. Billing for work done in preparation for the engagement before the agreement is signed is ethical, legal, and a standard practice. All the time entries reflect work that was actually performed. With the case being converted to chapter 7, we will be required to file an application for approval of compensation with the court. A copy of that application will be provided to you, and you will have the opportunity to file an objection if you wish to do so.

Given the circumstances, we will be filing a motion to withdraw as the company's attorney within the next 24 hours. A copy of the motion will be provided to you once filed. There will be a hearing on the motion and you will have the opportunity to respond with the allegations set forth in your email. You also have the option of hiring a new attorney; if you do so, we will transfer our file.

Mike Assad
Attorney at Law
Sadek Law Offices, LLC
Phone (PA): 215-545-0008
Phone (NJ): 856-890-9003

**Date:** 05/22/2025 10:13

**From:** jmccloudrealty@gmail.com

**To:** michael@sadeklaw.com

**Subject: Request to voluntarily dismiss Ch7 bankruptcy**

Good morning Mike

Im am formally requesting a voluntary dismissal of Chapter 7 Bankruptcy. Please review and
respond upon receipt. Thank you

Jamirah Sent from my iPhone

**Date:** 05/22/2025 16:19

**From:** michael@sadeklaw.com

**To:** jmccloudrealty@gmail.com

**CC:** brad@sadeklaw.com

**Subject: Re: Request to voluntarily dismiss Ch7 bankruptcy**

Hello Jamirah,

Voluntary dismissal of a chapter 7 bankruptcy case is only granted by the court for cause, meaning that the company would have to demonstrate how dismissal would be in the best interests of creditors, the debtor, and the bankruptcy estate. Because the court converted the case to chapter 7 yesterday instead of dismissing the case, it is safe to say that the court would deny a motion to dismiss the case now.

Attached is a motion we filed today requesting the court's permission to withdraw as the company's attorney, along with the notice of the hearing and instructions explaining how to file a response, if you wish to do so.

Mike Assad
Attorney at Law
Sadek Law Offices, LLC
Phone (PA): 215-545-0008
Phone (NJ): 856-890-9003

**Date:** 05/22/2025 19:40

**From:** jmccloudrealty@gmail.com

**To:** michael@sadeklaw.com

**Subject: Taqwa**

Hi Mike

Can you please send me a copy of all dockets and everything you filed on behalf of myself (ch13)
and J McCloud Realty LLC. Please include ch 11 and ch7.
Also, please contact PFCU to obtain the last 12 months bank statements for J McCloud Realty
LLC Business account. Furthermore I want to know if you filed the voluntary dismissal for ch7 as I
requested?

**Date:** 05/23/2025 14:14

**From:** michael@sadeklaw.com

**To:** jmccloudrealty@gmail.com

**CC:** brad@sadeklaw.com

**Subject: Re: Taqwa**

Hello Jamirah,

Attached are the docket reports and all documents filed in both your personal and corporate bankruptcy cases. Because there are nearly 250 pages in total, the documents must be sent as Google Drive links. If you are unable to access them, please let me know.

Obtaining documents from third parties is not a service we offer, so we are unable to request bank statements from PFCU on your behalf.

A motion to dismiss the chapter 7 case has not been filed. As I explained yesterday, the court will only dismiss a chapter 7 case when the debtor shows that dismissal is in the best interests of creditors, the debtor, and the bankruptcy estate. On Wednesday, the court refused to dismiss the case and instead converted it to chapter 7. The court is not going to do something on Friday that it refused to do on Wednesday unless circumstances have changed.

Mike

| McCloud - Corporate Case Docket.pdf |
| --- |

| McCloud - Personal Case Docket.pdf |
| --- |

Mike Assad
Attorney at Law
Sadek Law Offices, LLC
Phone (PA): 215-545-0008
Phone (NJ): 856-890-9003

**Date:** 06/02/2025 08:43

**From:** jmccloudrealty@gmail.com

**To:** michael@sadeklaw.com, brad@sadeklaw.com

**Subject: I want you to file an appeal on behalf of J McCloud Realty**

Good morning

I am asking that you file notice of an appeal granting the relief of the stay. The motion to appeal must be done between today and tomorrow to meet the deadlines. I googled reasons why you would appeal and basically it states we need to address the accusations. Please review attached :As we discussed , the income from my business comes from the rent therefore I need the income to be able to pay the creditors. If you allow the property to stay as is (going to sheriff sale in July) there is no value left in the business to be able to pay back my SBA loan. Also I really would like for you to strategize and appeal the conversion from ch11 to ch7 . This is where Brad would step in and appeal under negligence on behalf of Mike. I did not hire Sadek Law because you were the only lawyer in PA you were recommended by another reputable lawyer. I hired you because on our initial conversation I laid out everything that was transpiring with PFCU including having a bank account that they stop giving me access to. Just to be clear, I am deployed with my husband who's in the army. I explained per our initial conversation that I am a victim of fraud that is how the mortgage payments got behind initially. I was told by law enforcement that I had to file a police report in the county where the crime took place which I hadn't had the chance to do as of yet. That's how my mom and I came up with the idea to document via Google docs ( which detail what we do with the business money) I also disclosed to you that I still had the rent money in a personal safe inPA since PFCU would not allow us to continue to make mortgage payments and I did not want to leave money in the bank not knowing if the thieves would gain access again. I showed you several conversations between PFCU and myself including one specifically between Zach and my mom asking if we could voluntarily have the tenants pay the mortgage directly but they declined . The bank knew they had assignment of rents and they too were also aware that I was a victim of fraud, why wouldn't they take the rent? Anyway as you stated the judge was angry about a few things that wasn't properly disclosed but I believe if Mike would have disclosed that I am a victim of fraud, my company does have a bank account but was denied access and as a result the tenants use zelle with receipts documenting both dates and rent amount. It would not look as if my company is not ran properly. I still do not understand why Mike chose to use EQUITY IN THE PROPERTY for your reason we filed charges 11 instead of filing Hardship like we discussed and then mapping out the plan to get back on track including the value of the properties. I even suggested getting a CMA to show proof the properties still had equity Mike advised we would not need to show this. A lot of valuable information was withheld from the judge which in turn gave us a horrible outcome. When you were hired you painted a picture to reconstruct the company and that included a plan to get the arrears current and get back on track paying monthly. I stated that I would be able to do that via a family member within the year. I am asking that u have a conversation with my mom or myself on how to fix this mess. As of today Sadek law has been paid to represent J McCloud Realty LLC and I am asking that you continue to do so until you are granted a motion not to. PLEASE reply to this email before 12 pm today with what you are going to do as far as the appeals so I can know how to move forward. Thank you In advance

**Date:** 06/02/2025 09:12

**From:** michael@sadeklaw.com

**To:** jmccloudrealty@gmail.com

**CC:** brad@sadeklaw.com

**Subject: Re: I want you to file an appeal on behalf of J McCloud Realty**

Good morning,

As we have explained previously, we have filed a motion to withdraw as the company's attorney. A hearing will be held next week on that motion, and you are welcome to bring any concerns you have to the judge's attention. Our fees in this case have been earned. We highly suggest that you obtain new counsel on behalf of the company.

We will file a motion today to extend the time to file an appeal to the Court's recent orders. We will send you a copy of the motion once it is filed.

Mike Assad
Attorney at Law
Sadek Law Offices, LLC
Phone (PA): 215-545-0008
Phone (NJ): 856-890-9003

**Date:** 06/04/2025 16:42

**From:** jmccloudrealty@gmail.com

**To:** michael@sadeklaw.com, brad@sadeklaw.com

**Subject: Objection to withdrawal as counsel**

Hi Mike and Brad

I am writing to you because I do not authorize or consent to your motion to withdraw as my counsel, and I believe your withdrawal at this stage would severely harm my interests and compromise my ability to move forward in this case.

You are deeply familiar with the facts, filings, and outstanding issues in my case, and your removal would create an immediate gap in legal representation — especially while key matters remain unresolved, including:
• Trustee communications post-conversion,
• Review of your final fee application,
• Return or accounting of retainer funds,
• Potential legal consequences regarding remaining creditors.
And more importantly my appeals for relief of stay and the appeal to the conversion from ch11 to ch 7

For these reasons, I am requesting that you immediately file an objection to your own motion to withdraw, clearly stating that:
• The Debtor did not consent to the withdrawal,
• The withdrawal would be prejudicial to the Debtor, and
• You will continue to represent J McCloud Realty LLC unless or until the Court approves a substitute or otherwise orders withdrawal.

Please email me back to confirm that you will comply with this request. The deadline to object the motion is dated tomorrow June 5, 2025.

Sincerely
Jamirah

**Date:** 06/04/2025 16:45

**From:** brad@sadeklaw.com

**To:** jmccloudrealty@gmail.com

**CC:** michael@sadeklaw.com

**Subject: Re: Objection to withdrawal as counsel**

You may file an objection, but we will not be doing so.

---------------------
Brad J. Sadek, Esquire*
Sadek Law Offices, LLC
Phone (PA): 215-545-0008
Phone (NJ): 856-890-9003

*Licensed in Pennsylvania and New Jersey


This message may contain privileged information. If you are not the intended recipient of this electronic message, please contact the sender immediately at brad@sadeklaw.com or by phone at 215-545-0008 or 856-890-9003.

**Date:** 06/04/2025 17:15

**From:** michael@sadeklaw.com

**To:** jmccloudrealty@gmail.com

**CC:** brad@sadeklaw.com

**Subject: Re: Objection to withdrawal as counsel**

Jamirah,

Your email is not a sufficient objection to the motion under the rules of court. Attached is the notice that explains how you must file an objection. If you want to file an objection, you must send it to the clerk of court at the address below. I suggest that you send it by overnight mail, FedEx, or UPS.

U.S. Bankruptcy Court
Robert N.C. Nix Sr. Federal Courthouse
900 Market Street, Suite 400
Philadelphia, PA 19107.


Mike Assad
Attorney at Law
Sadek Law Offices, LLC
Phone (PA): 215-545-0008
Phone (NJ): 856-890-9003

**Date:** 06/05/2025 01:25

**From:** jmccloudrealty@gmail.com

**To:** michael@sadeklaw.com

**Subject: Re: Objection to withdrawal as counsel**

Mike

 I read the instructions and it states that me or my attorney has to file a motion to object  by May 5, 2025 and as of today you are still representing my company . I firmly ask that  you file  an objection to you withdrawing as my attorney . You know I am deployed with my husband in Hawaii and I don't have time to get representation in such short notice. Please uphold your duty as my attorney and file my objection. Let the judge decide if you should be withdrawn but for now because you  agreed that you would represent my company I am telling you I don't consent to you abandoning my case especially when you have not taken the necessary actions to help save my company.

**Date:** 06/05/2025 09:28

**From:** michael@sadeklaw.com

**To:** jmccloudrealty@gmail.com

**CC:** brad@sadeklaw.com

**Subject: Re: Objection to withdrawal as counsel**

We do not have an obligation to file an objection to our own motion to withdraw. However, I have filed the email you sent to us as an objection on the docket so that the judge is aware that you object and your reasons for doing so. A stamped copy of the filing is attached. Please be aware that if you oppose the motion, you must appear at the hearing to explain your reasons to the judge.

Mike Assad
Attorney at Law
Sadek Law Offices, LLC
Phone (PA): 215-545-0008
Phone (NJ): 856-890-9003