**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| J McCloud Realty LLC,<br><br>         *Debtor*. | Case No. 25-11778-amc<br>Chapter 7 |

## Application to Retain Jurisdiction

**AND NOW**, Applicant Sadek Law Offices LLC, former attorney for the Debtor in the above case, respectfully requests that the Court retain jurisdiction over its pending fee application if this case is dismissed. In support of this Application, the Applicant states as follows:

1. The Debtor filed a petition for relief under chapter 11 on May 6, 2025.

2. Upon motion of the U.S. Trustee, this case was converted to chapter 7 on June 22, 2025.

3. The Applicant was attorney for the Debtor until the Court granted its request to withdraw on June 12, 2025.

4. Prior to the filing of this bankruptcy case, the Debtor paid a pre-petition retainer in the total amount of $12,000.00 to the Applicant.

5. Of that amount, $5,205.50 was applied to pre-petition services rendered, as disclosed in the application to employ the Applicant.

6. The balance of the retainer, which is currently property of the bankruptcy estate, is being held by the Applicant in escrow and has not been applied or disbursed.

7. On June 4, 2025, the Applicant filed a fee application requesting approval to apply the remaining retainer to services rendered from May 6, 2025, through June 22, 2025.

8. On June 13, 2025, the Debtor filed an objection to the fee application, which remains pending.

9. At a hearing on June 25, 2025, the Court indicated that it may consider dismissal of this case under certain circumstances.

10. If the case is dismissed before the Court resolves the fee dispute, the balance of the retainer will revest in the Debtor under 11 U.S.C. § 349(b)(3), unless the Court orders otherwise.

11. The Applicant requests that the Court retain jurisdiction over its fee application if this case is dismissed.

12. The Court is best positioned to evaluate the reasonableness of the requested compensation and adjudicate the fee dispute because of its experience and its familiarity with the procedural history of this case.

13. Retention of jurisdiction over fee applications following dismissal is a common practice in this Court. *See In re Lewis*, 346 B.R. 89 (Bankr. E.D. Pa. 2006).

**NOW, THEREFORE**, the Applicant respectfully requests that the Court enter an order retaining jurisdiction to determine the disposition of the remaining pre-petition retainer held in escrow in the event the case is dismissed, and granting such other and further relief as the Court deems appropriate.

Date: June 25, 2025

/s/ Brad J. Sadek
Brad J. Sadek
Sadek Law Offices, LLC
1500 JFK Boulevard, Suite 220
Philadelphia, PA 19102
215-545-0008
brad@sadeklaw.com