L.B.F. 9014-4

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED
JUL 29 2025

In re: J McCloud Realty LLC

Debtor

Chapter 7

Bky. No. 25-11778

* * * * * *

## CERTIFICATION OF SERVICE

I, __Khailah Boyd__, certify that on __7/29/25__ I did cause a true and correct copy of the documents described below to be served on the parties listed on the mailing list exhibit, a copy of which is attached and incorporated as if fully set forth herein, by the means indicated and to all parties registered with the Clerk to receive electronic notice via the CM/ECF system:

- Document 1 ORDER GRANTING EXPEDITED HEARING
- Document 2 MOTION TO DISMISS CH7 AND MOTION TO
- Document 3 REINSTATE RELIEF OF AUTOMATIC STAY

I certify under penalty of perjury that the above document(s) was sent using the mode of service indicated.

Date: July 29, 2025

Signature: [signed]
Name and Attorney ID (if applicable)
Firm Name: Khailah Boyd
Address: 6411 Independence Way
City, State, Zip: Gravetown GA 30813
Phone Number: 610-931-8519
Email: Jmccloudrealty@gmail.com

Mailing List Exhibit: (Check all that apply. If via e-mail, include e-mail address. Continue to the next page if necessary.)

Name: SADEK LAW OFFICES ATTENTION: MICHAEL ASSAD, BRAD SADEK
Address: Michael@sadeklaw.com, Brad@sadeklaw.com
Relationship of Party: FORMER COUNSEL
Via: ✓CM/ECF  ☐ 1st Class Mail  ☐ Certified Mail  ✓ e-mail:
☐ Other:

Mailing List Exhibit: (Check all that apply. If via e-mail, include e-mail address. Continue to the next page if necessary.)

Name Robert Holber
Address rholber@holber.com
Relationship of Party Debtor Atty
Via: ☑ CM/ECF  ☐ 1st Class Mail  ☐ Certified Mail  ☑ e-mail:
☐ Other:

Name William Levant
Address wlevant@kaplaw.com
Relationship of Party Counsel Trustee
Via: ☑ CM/ECF  ☐ 1st Class Mail  ☐ Certified Mail  ☑ e-mail:
☐ Other:

Name John Schanne
Address john.schanne@usdoj.gov
Relationship of Party Trustee
Via: ☑ CM/ECF  ☐ 1st Class Mail  ☐ Certified Mail  ☑ e-mail:
☐ Other:

Name Small Business Administration
Address P.O Box 3918, Portland, OR 97208
Relationship of Party SBA c(sa)sba.gov
Via: ☐ CM/ECF  ☐ 1st Class Mail  ☐ Certified Mail  ☑ e-mail:
☐ Other:

Name
Address
Relationship of Party
Via: ☐ CM/ECF  ☐ 1st Class Mail  ☐ Certified Mail  ☐ e-mail:
☐ Other:

Name
Address
Relationship of Party
Via: ☐ CM/ECF  ☐ 1st Class Mail  ☐ Certified Mail  ☐ e-mail:
☐ Other:

UNITED STATES BANKRUPTCY COURT

Eastern District of Pennsylvania
In re: J. McCloud Realty LLC
Debtor
Chapter: 7
Case No.: 25-11778-AMC

---

MOTION TO DISMISS CHAPTER 7 CASE AND REINSTATE AUTOMATIC STAY

Debtor, J. McCloud Realty LLC, by its managing member Jamirah McCloud, respectfully moves this Court to dismiss the Chapter 7 case and reinstate the automatic stay under 11 U.S.C. §§ 707(a) and 105(a). This request is supported by the Debtor's previously submitted bankruptcy schedules, formal property appraisal, and updated market value research using comparable sales.

---

1. Asset Overview and Property Valuation

The only assets in this case are two real estate properties:
- 5909 Windsor Avenue, Philadelphia, PA
- 3125 N. Marston Street, Philadelphia, PA

An appraisal previously submitted to the Court valued 5909 Windsor Avenue at $200,000. However, based on recent comparable sales in the area, the current estimated value is approximately $250,000. The mortgage balance is significantly lower, indicating that this property holds meaningful equity.

The Debtor also reviewed the comparable sales used in the original appraisal for 3125 N. Marston Street and verified market values using Zillow and public sales data. Based on these comps, the current estimated value for the Marston Street property is approximately $130,000.

These properties are the only significant assets in the estate. According to the bankruptcy schedules on file, the Debtor has:
- No cash or bank account balances,
- No personal property of significant value,

---

2. No Benefit to Creditors Through Liquidation

With the automatic stay lifted, the properties are now at risk of foreclosure outside the Court's protection. This would allow secured creditors to collect without oversight and wipe out the equity remaining in the properties — equity that could otherwise benefit creditors or be preserved through sale or reorganization.

There are no unencumbered assets for the trustee to administer. Liquidation would offer no return to unsecured creditors, and no valid purpose would be served by continuing this Chapter 7 proceeding.

---

3. Prior Counsel's Inaction and Resulting Harm

The Debtor retained Attorney Mike Assad of Sadek Law and paid for legal representation in this case. Despite clear and timely instructions, Attorney Assad:
- Failed to file an appeal of the stay relief order,
- Refused to submit an objection to the Chapter 7 conversion,
- Withdrew from representation without completing essential work.

This directly impacted the Debtor's ability to protect property and equity. These failures were outside the Debtor's control and occurred despite having paid for legal services.

---

4. Geographic and Access Hardship

The Debtor's spouse is currently stationed in Hawaii under official Permanent Change of Station (PCS) military orders. This has created additional challenges in attending hearings, accessing Pennsylvania-based financial institutions, and obtaining timely legal help.

These circumstances justify the Court's equitable consideration and support a finding of "cause" for dismissal under the Bankruptcy Code.

---

5. Legal Basis for Dismissal and Stay Reinstatement

Under 11 U.S.C. § 707(a), a bankruptcy court may dismiss a Chapter 7 case "for cause". In this case:
- The estate has no non-exempt assets;
- The only two assets are now exposed to foreclosure;
- There is no foreseeable recovery for creditors;
- Prior legal counsel failed to act in the Debtor's interest.

The Court may also reinstate the automatic stay under 11 U.S.C. § 105(a) to prevent further harm and restore fairness while allowing the Debtor to pursue an orderly resolution or reorganization.

---

WHEREFORE, the Debtor respectfully requests that this Honorable Court:
1. Dismiss this Chapter 7 case pursuant to 11 U.S.C. § 707(a);
2. Reinstate the automatic stay under 11 U.S.C. § 105(a);
3. Vacate the relief from stay order entered in favor of Philadelphia Federal Credit Union; and
4. Grant such other and further relief as the Court deems just and proper.

---

After the Honorable Judge Ashely M. Chan entered the order granting relief from stay to Philadelphia Federal Credit Union to August 5, 2025, the City of Philadelphia publicly announced that all sheriff sales originally scheduled for July 1, 2025, were postponed until September 9, 2025. This citywide action eliminated the possibility of a July sale and directly undercut the urgency that had previously supported the creditor's motion for stay relief.

As a result, no prejudice has occurred to the creditor, and this unanticipated postponement presents a fair and equitable opportunity for the Court to revisit the current posture of the case without harm to any party. The extension of time allows for preservation of equity, consideration of alternative resolutions, and avoidance of the unnecessary liquidation of valuable assets under Chapter 7. The Debtor respectfully submits that, in light of this change, dismissal of the case or reinstatement of the automatic stay may now be more appropriate and just.

Respectfully submitted

Jamirah McCloud
Managing Member, J. McCloud Realty LLC
Email: jmccloudrealty@gmail.com
Phone: 215-888-3198

Date: July 29, 2025