```
                    UNITED STATES BANKRUPTCY COURT

                   FOR THE DISTRICT OF PENNSYLVANIA

                                          :
 IN RE:                                   : Case No.  25-11778AMC
                                          :
 J McCloud Realty LLC,      CH: 7         :
                                          : Philadelphia, Pennsylvania
                                          : May 14, 2025
                                          : 11:24 a.m.
                                          :
 . . . . . . . . . . . . . . . . . . . . .:

                 BEFORE THE HONORABLE ASHELY M. CHAN
                    UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

 For the Debtor:             Michael I. Assad
                             Sadek Law Offices, LLC
                             1500 JFK Boulevard , Suite 220
                             Philadelphia, PA 19102
                             215-545-0008

 For the Movant:             William J. Levant
                             Kaplin Stewart
                             910 Harvest Drive
                             Post Office Box 3037
                             Blue Bell, PA 19422
                             610-941-2474

 For United States           John Henry Schanne
 Trustee:                    DOJ-Ust
                             Office of The United States Trustee
                             Robert N.C. Nix Federal Building
                             900 Market Street, Suite 320
                             Philadelphia, PA 19107
                             202-934-4154

 For Chapter 5 Trustee:      Holly Smith Miller
                             Gellert Seitz Busenkell & Brown LLC
                             901 Market Street, Suite 3020
                             Philadelphia, PA 19107
                             215-238-0012



Proceedings recorded by electronic sound recording;
transcript produced by TheRecordXchange.
```

```
 1  MAY 14, 2025                                           11:24 A.M.
 2              THE COURT:  J McCloud Realty LLC, motion to prohibit
 3  use of cash collateral, and motion for relief filed by
 4  Philadelphia Federal Credit Union.
 5              Appearances, please.
 6              MR. LEVANT:  William J. Levant for the Movant.  Good
 7  morning, Judge.
 8              THE COURT:  Okay.
 9              MR. ASSAD:  And Mike Assad, proposed counsel for the
10  Debtor.
11              THE COURT:  Okay.
12              MR. SCHANNE:  John Schanne on behalf of the United
13  States Trustee.  Good morning again.
14              THE COURT: Good morning.  All right.  So for the
15  gentleman with --
16              MS. MILLER:  Good morning, Your Honor.  Holly
17  Miller --
18              THE COURT:  Oh, yeah.
19              MS. MILLER:  -- for Chapter 5 Trustee.
20              THE COURT:  Okay.  Great.  Thanks, Ms. Miller.
21              Anyone else on the line for this?
22              Okay.  So I guess I'm going to ask the Movant on the
23  phone where we are with this.  Have you had any conversations
24  with Debtor's counsel to try and resolve the issue?
25              MR. LEVANT:  I have not.  This foreclosure was
```

1  filed -- well, the underlying foreclosure was filed in May of
2  2024.
3          THE COURT:  Uh-huh.
4          MR. LEVANT:  The Principal, the Debtor, now lives in
5  Hawaii.
6          THE COURT:  Okay.
7          MR. LEVANT:  As far as I know, there has been no
8  application filed for a property manager, which I think would
9  be absolutely essential for a -- a property owner who's 4,000
10 miles away.  There has been no motion filed for use of cash
11 collateral.  My client has assignments of the rents in the two
12 properties that are at issue in this motion.  And the Debtor's
13 proposed one year to sell the properties is on its face I think
14 excessive.  Candidly, she's already had a year while the
15 foreclosure was pending.  I have two sheriff sales scheduled
16 for the 1st of July.  And if she puts her mind to it, I don't
17 see why she couldn't sell the two places by then and save
18 everybody a lot of trouble.
19         THE COURT:  Okay.  Well, let me just --
20         MR. LEVANT:  But I just --
21         THE COURT:  I understand your concern.  Let me --
22         MR. LEVANT:  Okay.
23         THE COURT:  -- first ask the Debtor.
24         MR. LEVANT:  Okay.
25         THE COURT:  So, sir, have you been -- has the Debtor

1  been using cash collateral?

2          MR. ASSAD:  So the -- when the case was filed, the
3  Debtor didn't have recollection of the -- the agreement that
4  the Debtor's principal and the Debtor had made with the lender
5  for assignment of rents, which is why no cash collateral motion
6  was filed with the petition.  So counsel became aware of that
7  when the motion -- the Movant filed the motion.  In review of
8  that in discussion with the Debtor's principal, there isn't a
9  -- there's no dispute that the Debtor -- or that the lender is
10 entitled to cash collateral.  The Debtor proposes use of cash
11 collateral in the response to the extent necessary to make
12 insurance and property tax payments and also to make adequate
13 protection payments to the lender.

14         The proposed plan in this case is made -- is a -- is
15 a liquidation plan, but among -- after -- that was originally
16 the plan when the case was filed.  It's also the plan that was
17 put into effect.  But after review of the proofs of claim and
18 the arrearages, it is possible this will become an -- a
19 reorganization because the Debtor is confident, based on the
20 amount of the arrearages, which are less than they expected,
21 that there -- that it's possible to fund a feasible plan.

22         THE COURT:  Okay.  So I guess I'll just address my
23 primary concern right now, which is that the Debtor has been
24 using cash collateral without my permission.

25         MR. ASSAD:  So no cash has been received since the

1  case was filed.
2         THE COURT:  So I guess what I'm saying is, has the
3  Debtor made any expenditures using the lender's cash
4  collateral?
5         MR. ASSAD:  No.  They have -- that's what they've
6  represented to me.  The case was filed last week.  So there's
7  no --
8         THE COURT:  So you're saying there's been no outlay
9  of cash collateral?  There's been no employee wages paid,
10 there's been no expenses paid?  I mean usually -- let me just
11 tell you the way that it usually works.  When a debtor files
12 for bankruptcy, usually all that's cash is subject to a lien
13 that's perfected and secured by a lender, and not a dime of it
14 can be spent without my permission, which is why, when a debtor
15 first files, the first thing you do as debtor's counsel is say,
16 don't they have a security interest in all your cash?  Because
17 that's pretty -- I mean, I don't think I've seen -- I would say
18 like 99 percent of my cases have cash collateral.  So the fact
19 that they didn't know that there was cash collateral and, you
20 know -- it would be shocking, frankly, that, you know, it
21 wasn't cash collateral.
22        So I guess I'm just a little concerned.  So do you
23 know for a fact?  Like have you seen their bank accounts?  Do
24 you know?  Have you talked to the Debtor about the amounts of
25 money that have been spent since --

1       MR. ASSAD:  So --

2       THE COURT:  -- the case has been filed?

3       MR. ASSAD:  Yeah.  So the -- there are two properties
4  in this case which have tenants which are -- which pay rents to
5  the Debtor.  Those rents have not become due since the case was
6  filed.

7       THE COURT:  Right.  So --

8       MR. ASSAD:  So there's --

9       THE COURT:  Just so you understand, so the cash
10 collateral is not just money coming in post-petition, but as
11 any kind of cash held in any form.  Like in a bank account or
12 whatsoever.  So I'm assuming that the Debtor has bank accounts.

13      MR. ASSAD:  The Debtor does not currently have a bank
14 account except -- they've been instructed to open up a DIP
15 account.

16      THE COURT:  What does that mean, the Debtor doesn't
17 have a bank account?

18      MR. ASSAD:  The Debtor did not have a bank account
19 prepetition.

20      THE COURT:  So when the tenants were giving rent
21 checks, how was the money given to -- did they not give checks?
22 Did they give cash for their rent?

23      MR. ASSAD:  I'm not exactly sure.

24      THE COURT:  Okay.  So I guess, Mr. Assad, I find it
25 -- I recognize that you're typically a consumer attorney,

1  right, and this is a commercial matter, and there are a great

2  deal of differences.  But I am highly skeptical of the claim

3  that the Debtor doesn't have a bank account.  I find that

4  shocking and concerning that they've told you that or that

5  you're not sure about it.  Cash collateral is probably one of

6  the primary issues, you know, that we need to resolve in the

7  Chapter 11 case.  So I'm not sure if it's the Debtor's bad

8  faith or maybe you just weren't familiar enough to know that

9  these were the questions that you needed to ask.  But I need to

10 get answers to these questions ASAP.

11         So let me just make this very clear.  You should --

12 you should ascertain what bank accounts the Debtors have.  And

13 if they tell you that they don't have any, I find that --

14 you'll need to find out, well, how did you get the money from

15 the tenants?  You know what I mean?  Like were they giving

16 goods or were they giving cash, or what were they doing?

17 Because the way that it usually works is there's checks,

18 there's checks that are given and then they're deposited in a

19 bank account.  So you'll need to figure out exactly what the

20 Debtors' business operations are.  And you have to file an

21 emergency motion to use cash collateral, because if the Debtor

22 wants to use a dime, it needs to go through me.  They are not

23 allowed to spend anything until I enter an order.

24         So hopefully you can tell them that and that will

25 light a fire under them and they will understand that we need

1  to have a hearing ASAP.  So I suggest we have a hearing
2  continued until next week.  I just have some serious concerns.
3              Mr. Schanne, have you talked to these Debtors at all
4  or --
5              MR. SCHANNE:  Your Honor, we have not.  We have not
6  yet.  We had a --
7              THE COURT:  Yeah.  All right.  I'll give you this
8  week, since they didn't file the motion, to use cash
9  collateral.  And we're just discovering now that, you know,
10 they weren't probably aware that they had to get permission to
11 use it.  So I'm going to give you a week.  A -- you know, a lot
12 of things need to happen between now and next week.  You need
13 to understand exactly what the business operations are and how
14 they're using cash.  And if they have been using cash, you need
15 to be transparent and share that information with the secured
16 lender and the U.S. Trustee's office.
17             But at this point, I would be willing to also
18 entertain an expedited motion to dismiss if the secured lender
19 or the U.S. Trustee's office sees fit.  But this is not the way
20 that we bring in cases to the bankruptcy court.  We really need
21 to get on top of all these issues, and hopefully you'll get to
22 the bottom of a lot of this by next week.
23             MR. ASSAD:  Yes, Your Honor, I will.
24             MR. SCHANNE:  Your Honor, if I -- if I recall
25 correctly, we sort of have that teed up as it's not a motion to

1  prohibit the use of cash collateral combined with the request
2  for stay relief.
3           THE COURT:  I mean, it is.
4           MR. SCHANNE:  So it's --
5           THE COURT:  At this point, I think --
6           MR. SCHANNE:  It's --
7           THE COURT:  -- what I'll do is I will grant the
8  motion to prohibit use of collateral for one week and then
9  we'll see what the Debtors have for us next week.
10          MR. SCHANNE:  Is Your Honor carrying that stay relief
11 motion too?  Because again, I think that would be case
12 dispositive under these facts if --
13          THE COURT:  Yeah.
14          MR. SCHANNE:  -- the Court granted it.
15          THE COURT:  Right.  I mean, I guess I don't have any
16 information.  I -- I'm highly concerned about it.  So I mean,
17 at this point, it sounds like the sheriff's sale is not until
18 July.  So we have a little time on that.  But I guess this time
19 next week, if anyone else wanted to file another motion to
20 dismiss the case or if you maybe want to voluntarily dismiss
21 the case until you get all your ducks in line -- it sounds like
22 the sheriff's sale is not until July.  But this is just not the
23 way we have our Chapter 11 cases.
24          So hopefully you can try and remedy some of these
25 issues or I would be willing to entertain a motion to dismiss,

1   and certainly grant relief from the stay.  But I'd like to give
2   you a short opportunity to answer the questions that I've
3   raised here today.
4            MR. ASSAD:  Thank you, Your Honor.
5            THE COURT:  You're welcome.  Okay.  All right.  So,
6   Pam, go --
7            MR. LEVANT:  There's certainly no objection --
8            THE COURT:  Yeah.
9            MR. LEVANT:  -- from the lender.
10           THE COURT:  Yeah.  I figured.  So we're going to
11  grant the motion to use -- to prohibit the use of cash
12  collateral.  Let's set it for the -- it should go through next
13  Wednesday.
14           THE CLERK:  Okay.
15           THE COURT:  And if the Debtor can satisfy everyone,
16  then I might consider what we're going to do at that point.
17  But I do have some very grave concerns at this point.
18           Okay.  I'll see you --
19           MR. LEVANT:  Same time next week?
20           THE COURT:  Yep, same time next week.
21           MR. LEVANT:  Very good.  Thank you, Your Honor.
22           THE COURT:  Yep.
23       (Proceedings adjourned at 11:34 a.m.)
24
25

C E R T I F I C A T E

    I hereby certify that the foregoing is a true and correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

*John Buckley*
John Buckley, CET-623
Digital Court Proofreader