UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF PENNSYLVANIA

```
                                    :
IN RE:                              : Case No.  25-11778AMC
                                    :
J McCloud Realty LLC,    CH: 7      :
                                    : Philadelphia, Pennsylvania
                                    : May 21, 2025
                                    : 11:41 a.m.
                                    :
. . . . . . . . . . . . . . . . . . :
```

BEFORE THE HONORABLE ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE

<u>APPEARANCES</u>:

| | |
|---|---|
| For the Debtor: | Michael I. Assad<br>Sadek Law Offices, LLC<br>1500 JFK Boulevard , Suite 220<br>Philadelphia, PA 19102<br>215-545-0008 |
| For the Movant: | William J. Levant<br>Kaplin Stewart<br>910 Harvest Drive<br>Post Office Box 3037<br>Blue Bell, PA 19422<br>610-941-2474 |
| For United States Trustee: | John Henry Schanne<br>DOJ-Ust<br>Office of The United States Trustee<br>Robert N.C. Nix Federal Building<br>900 Market Street, Suite 320<br>Philadelphia, PA 19107<br>202-934-4154 |
| For Chapter 5 Trustee: | Holly Smith Miller<br>Gellert Seitz Busenkell & Brown LLC<br>901 Market Street, Suite 3020<br>Philadelphia, PA 19107<br>215-238-0012 |

| | |
|---|---|
| For the City of Philadelphia: | Megan N. Harper<br>City of Philadelphia - Law/Revenue Dept.<br>1401 JFK Blvd., Room 580<br>Philadelphia, PA 19102<br>215 686 0503 |

Proceedings recorded by electronic sound recording; transcript produced by TheRecordXchange.

1  MAY 21, 2025                                          11:41 A.M.

2            THE COURT:  -- the 11th at 10:30.

3            THE CLERK:  Yeah.

4            THE COURT:  And then on numbers 19 and 20, J McCloud

5  Realty, we have a motion to prohibit use of cash collateral and

6  a motion for relief filed by Philadelphia Federal Credit Union

7  and a motion to dismiss or convert filed by the United States

8  Trustee.

9            THE CLERK:  Okay.

10           THE COURT:  Appearances, please, on J McCloud Realty.

11           MR. ASSAD:  Mike Assad, proposed counsel for the

12 Debtor.

13           MR. LEVANT:  William J. Levant for the Secured

14 Creditor.

15           MS. HARPER:  Megan Harper for the City of

16 Philadelphia.

17           THE COURT:  Okay.  All right.  So where are we on

18 this, Debtor's counsel?

19           Do you know, Mr. Schanne?  Has the Debtor responded

20 to any of the questions that you had before about the bank

21 account and --

22           MR. SCHANNE:  For the record, John Schanne on behalf

23 of the United States Trustee.

24           Your Honor, it does make sense to take the UST's

25 motion first --

1        THE COURT:  Yeah.
2        MR. SCHANNE:  -- in light of where we are.  My
3   understanding is that the Debtor does not oppose dismissal --
4        THE COURT:  Okay.
5        MR. SCHANNE:  -- but Your Honor still has a contested
6   herein because the UST is going to push for a conversion.
7        THE COURT:  Oh.  So would you like conversion and not
8   dismissal?
9        MR. SCHANNE:  Yes, Your Honor.
10       THE COURT:  Okay.  And you just believe that's in the
11  best interest of the Creditors here?
12       MR. SCHANNE:  Well, what we have here is the unknown,
13  right?
14       THE COURT:  Okay.
15       MR. SCHANNE:  There's been no schedules, there's --
16       THE COURT:  Yeah.
17       MR. SCHANNE:  -- been no statements.  We have
18  account -- we have statements that there may not be bank
19  accounts.  We don't know where cash was prepetition.  We don't
20  where cash is post-petition.  We don't know about Chapter 5
21  causes of action, which we only have under the bankruptcy code.
22       THE COURT:  Yeah.  Okay.
23       MR. SCHANNE:  So to the extent here, you have the
24  unknown --
25       THE COURT:  Yeah.

```
 1                MR. SCHANNE:  -- but the stuff you do know is all
 2   bad.
 3                THE COURT:  Okay.  So let me hear -- so, Debtor, do
 4   you oppose -- Debtor's counsel, do you oppose the conversion of
 5   the case to a Chapter 7?
 6                MR. ASSAD:  The Debtor does oppose conversion.
 7   There's no defense to -- no defense to a dismissal.  And in
 8   fact, the Debtor -- I have authorization to consent to
 9   dismissal.  The Debtor believes that consent to dismissal is
10   the best course of action because it puts everything right
11   where it was before the case was filed, and still entitles all
12   of the creditors to their state court actions.
13                THE COURT:  Yeah.  I think the concern here is that
14   there's a lot of questionable things.  So I'd like to hear from
15   some of the other creditors.
16                So, Ms. Harper, did you want to weigh in on whether I
17   should dismiss or convert this case?
18                MS. HARPER:  Good morning, Your Honor.  I've been
19   following along a little bit.  I'm not sure what all the
20   questions are that are raised by the U.S. Trustee.  But you
21   know, the City really doesn't take a position on this --
22                THE COURT:  Okay.
23                MS. HARPER:  -- at this time because it doesn't have
24   enough information to --
25                THE COURT:  That's fine.
```

1           MS. HARPER:  -- know what the scope of the issues
2  are.
3           THE COURT:  Okay.  The Secured Creditor, do you want
4  to chime in?
5           MR. LEVANT:  Good morning, Your Honor.  The
6  Philadelphia Federal Credit Union agrees with the U.S. Trustee.
7  There are many, many unanswered questions.  However, we have a
8  slightly different concern, which is we have sheriff sales that
9  are scheduled for July 1st I believe, and I would like an order
10 granting the in rem relief as to the two properties in
11 question, and the U.S. Trustee can go on his merry way and
12 conduct whatever investigation he thinks is appropriate.  I was
13 horrified to find out that the Debtor allegedly doesn't have
14 bank accounts.
15          THE COURT:  Yeah.  That just is weird.
16          MR. LEVANT:  And I can tell you they're not at my
17 client's institution.
18          THE COURT:  Yeah.  Okay.
19          MR. LEVANT:  I've never seen that in 30 plus years of
20 doing this.  She's in Hawaii.  If she has a property manager,
21 we don't know anything about it.  And as I shared with the U.S.
22 Trustee earlier in the week, our information is that her mom is
23 collecting the rent and putting the money God knows where.
24          THE COURT:  Okay.  So go ahead, Mr. Schanne.
25          MR. SCHANNE:  Your Honor, we also have the Sub V

1  Trustee on the line.
2       THE COURT:  Yeah.  Sub V Trustee, did you want to
3  weigh in?
4       MS. MILLER:  Yes.  Thank you, Your Honor.  I also --
5  I share the concerns that we don't know what we don't know.  So
6  we haven't seen schedules or statements.  I believe the IDI was
7  scheduled for this afternoon.  I know that at least I haven't
8  seen any of the documents come through that would usually be
9  required prior to holding the IDI.
10      Additionally, Your Honor, I am concerned.  I know
11 that we -- this is the case where a motion to prohibit cash
12 collateral was filed before and in lieu of the motion to use
13 cash collateral.  So I don't know if in the past two or three
14 weeks if the Debtor has been using cash collateral.  We just
15 don't know what we don't know.  So --
16      THE COURT:  All right.
17      MS. MILLER:   -- those are the concerns --
18      THE COURT:  Yeah.
19      MS. MILLER:   -- I have.
20      THE COURT:  Okay.  So, Mr. Assad, I guess the concern
21 I have here is that there's just some very weird facts flying
22 around, and it's now raised a red flag.  So I don't believe the
23 dismissal is appropriate.  And I am going to enter an order
24 converting the case.
25      And is it okay then if we give in rem relief to the

```
 1  Secured Creditors, Mr. Schanne, or how do you --
 2          MR. SCHANNE:  Your Honor, no objection.
 3          THE COURT:  Okay.  So, Mr. Schanne, I'm going to ask
 4  you to work with the Secured Lender to come up with language of
 5  a proposed order converting the case that would meet their
 6  concerns.
 7          MR. SCHANNE:  Certainly, Your Honor.
 8          THE COURT:  Okay.  All right.  Thank you, all.
 9          MR. LEVANT:  Thank you, Your Honor.  Good day.
10          THE COURT:  Thank you.
11       (Proceedings adjourned at 11:46 a.m.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

C E R T I F I C A T E

      I hereby certify that the foregoing is a true and correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

*John Buckley*
John Buckley, CET-623
Digital Court Proofreader