UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: | : Case No. 25-11778AMC |
| J McCloud Realty LLC,     CH: 7 | : |
|  | : Philadelphia, Pennsylvania |
|  | : June 11, 2025 |
|  | : 12:08 p.m. |

. . . . . . . . . . . . . . . . . . :

BEFORE THE HONORABLE ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

| For the Debtor: | Michael I. Assad<br>Sadek Law Offices, LLC<br>1500 JFK Boulevard , Suite 220<br>Philadelphia, PA 19102<br>215-545-0008 |
|---|---|
| For the United States Trustee: | John Henry Schanne<br>DOJ-Ust<br>Office of The United States Trustee<br>Robert N.C. Nix Federal Building<br>900 Market Street, Suite 320<br>Philadelphia, PA 19107<br>202-934-4154 |
| Also Appearing: | Jamirah McCloud-Ford<br>Khalilah Boyd |

Proceedings recorded by electronic sound recording;
transcript produced by TheRecordXchange.

```
 1  JUNE 11, 2025                                          12:08 P.M.
 2            THE COURT:  Number 58, J McCloud Realty.  Motion to
 3  withdraw as Counsel for the Debtor.
 4            Appearances, please?
 5            MR. ASSAD:  Good morning, Your Honor.  Mike Assad on
 6  behalf of Sadek Law Offices.
 7            THE COURT:  This is for J McCloud Realty.  Are you
 8  guys here for that?
 9            MS. BOYD:  Yes.
10            MS. MCCLOUD-FORD:  My name is Jamirah McCloud.
11            THE COURT:  Please state your name for the record?
12            MS. MCCLOUD-FORD:  Jamirah McCloud-Ford.
13            THE COURT:  Okay.
14            MS. BOYD:  Khalilah Boyd.
15            THE COURT:  Okay.  All right.
16            MR. SCHANNE:  John Schanne on behalf of the United
17  States Trustee.
18            THE COURT:  Okay.  All right. So I see, Mr. Assad,
19  that you would like to withdraw from the case.  I also believe
20  that I saw that you filed a motion to extend the time to
21  appeal, the two orders.  So I had entered an order granting
22  relief from the stay, and that's not an order that's subject to
23  an extension of the appeal period, so I can't do that.  But I
24  did grant the request for an extension of time to appeal my
25  conversion order to Friday.
```

1          I don't know if you guys saw that, but I had
2  previously entered an order granting relief from the stay, and
3  your attorney had asked me to extend the time for you guys to
4  appeal that.  I'm allowed to do it under the rules for one of
5  them, but not both.  So the only one that I can extend it for
6  is the conversion order, and that means that you have to appeal
7  it on or before this Friday.
8          MS. MCCLOUD-FORD:  We wanted the relief from this
9  stay.  We were misrepresented by Mike Assad and Brad Sadek.  We
10 have this -- this is all our communication.  He put in so many
11 different lies.  I'm sorry, I don't know whatever word to use.
12 This right here, specifically, he exaggerated charges, and then
13 he kind of like left us alone.  He charged us $12,000, and --
14 and we didn't even get to go to the meeting of the credit of --
15         MS. BOYD:  Yeah.
16         MS. MCCLOUD-FORD:  We didn't even get to go there.
17 All of this was exhausted before he got to the meeting of the
18 creditors.  There are lies, we have -- he puts in here, this is
19 from him.  Are you able to see it?  Or like, I don't know how
20 this goes, I'm sorry.
21         THE COURT:  Well, no, I mean, I did read your -- I
22 think you filed a couple of pleadings objecting to his motion
23 to withdraw as attorney.  I saw that.  And I saw some of the
24 statements that you had made, which are consistent with what
25 you're saying now.

```
 1                 And I think, Mr. Assad, did you want to respond to
 2   the filings that the ladies have made in this case?
 3                 MR. ASSAD:  So let me just make sure I'm looking at
 4   the -- I just want to check the docket here, to make sure --
 5                 THE COURT:  Yeah.  I think they --
 6                 MR. ASSAD:  -- that what's in there.
 7                 THE COURT:  -- filed two documents.  I think they
 8   filed an objection to your withdrawal, but then they also filed
 9   another document, as well.
10                 MR. ASSAD:  Yes.  And then I filed --
11                 THE COURT:  And you filed
12                 MR. ASSAD:  -- a declaration.
13                 THE COURT:  -- a reply to that?
14                 MR. ASSAD:  Yes.
15                 THE COURT:  So did you want to respond to the
16   statements that they made in Court today?
17                 MR. ASSAD:  I would rely on the declaration that I
18   filed.
19                 THE COURT:  Okay, that's fine.
20                 MR. ASSAD:  Because of the nature of the professional
21   obligations --
22                 THE COURT:  Yes.
23                 MR. ASSAD:  -- wording was carefully used.
24                 THE COURT:  Yeah.
25                 MR. ASSAD:  And I'd like to rely on that I think
```

1  it --

2           THE COURT:  Okay.

3           MR. ASSAD:  -- explains -- yeah.

4           THE COURT:  Yes, thank you.

5           All right.  So ladies, so I think that Mr. Assad, he
6  has something different to say.  And did you see his response
7  to your objection to his withdrawal?  I think he takes the
8  position that he tried to give you advice and you didn't take
9  his advice.  And it sounds to me, at this point, like the two
10 of you, Mr. Assad and you guys, are no longer able to really
11 have a good working relationship, right?

12          It sounds like there's a lack of trust here.  You
13 don't trust him.  You feel like he's overcharged you.  You feel
14 like he's lied to you.  He has his own version of what the
15 facts are.  But because of that, it just doesn't seem like this
16 is a relationship that I think should continue, because you're
17 just not going to trust him.

18          So I think that he should withdraw from the case.
19 And the last thing I would tell you is that if you do want to
20 appeal my order to convert the case, you have to file the
21 appeal on or before Friday, because I extended the time period,
22 but not forever.  So you got to make sure that you file that
23 appeal on or before Friday.  I just want to make sure you saw
24 that.

25          MS. MCCLOUD-FORD:  Well, the actual reason that we're

```
 1   here is because we believe we would've had a different outcome
 2   had he represented our company.  This was the -- my daughter
 3   flew in.  She flew in from Hawaii.  She is stationed out there
 4   with her husband, deployed out there.  I drove from --
 5           MS. BOYD:  Georgia.
 6           MS. MCCLOUD-FORD:  -- Georgia, two times.  Last week
 7   I had to come in and write that in, because the emails, they
 8   wouldn't file.  He's not doing anything for our company.  And
 9   we -- we got our self-converted because he -- the lack of
10   everything he was supposed to do.  All of this communication is
11   via emails.  So everything is from him.  You can see everything
12   from us and -- and him.
13           They dated -- they charged us February 24th for a
14   consultation when the website says free consultation.  He
15   didn't get hired until May the 6th.  All of these charges are
16   prior to.  And then he said, we exhausted our funds and he's
17   not going to do anything for our company.  The reason that he
18   said, we're not listening is because he said, we want you to
19   voluntarily dismiss.  We said, well, what happened to you doing
20   the re -- I keep saying --
21           THE COURT:  Reorganization.
22           MS. MCCLOUD-FORD:  Reorganization of the company.  He
23   didn't even put that in correctly.  He -- he stated that, you
24   know, what about the money?  He knew that we -- you know, we
25   were saving the rent.  I have proof that we were saving the
```

1  rent that -- the other --
2          MS. BOYD:  The tenants were paying.  We were saving
3  the rents because initially I got blocked from being able to
4  make payments online or via the phone.  And I couldn't --
5          THE COURT:  I remember this case.  This is the case
6  where when Mr. Assad was before me, he was saying something
7  like, you guys don't have bank accounts?
8          MS. BOYD:  Yeah.
9          MS. MCCLOUD-FORD:  No.  Because PFC is the bank
10 account that I had.
11         THE COURT:  Okay.  Well, that's good to know.
12         MS. MCCLOUD-FORD:  And then I got blocked from being
13 able to access this -- access that online.  I actually have
14 images.
15         THE COURT:  Yes.
16         MS. MCCLOUD-FORD:  It says the account is on hold.
17 However, I --
18         THE COURT:  So I totally see --
19         MS. MCCLOUD-FORD:  -- still have the account.
20         THE COURT:  -- your frustration here.  So today, the
21 only thing that's before me is his motion to withdraw as an
22 attorney, and it really sounds like you don't want him to
23 represent you anymore.
24         MS. BOYD:  For money that we keep --
25         THE COURT:  Okay.  So what you should do is, I

1  converted this case --
2              MR. ASSAD:  Your Honor?
3              THE COURT:  Yes.  Yes, Mr. Assad?
4              MR. ASSAD:  If I may, I just want to say one thing on
5  the record.  I just want to say on the record, the discussion
6  as to the exhaustion of the retainer was a discussion about
7  whether it could be refunded.  Neither myself or the firm has
8  refused to provide services that we're required to.  Based on
9  that we've done everything along the way and continue to
10 represent the Debtor throughout the process, as we're required
11 to.
12             THE COURT:  Okay.
13             MR. ASSAD:  I just want to put that --
14             THE COURT:  Okay.  So I'm --
15             MR. ASSAD:  -- on the record.
16             THE COURT:  I'm going to enter an order allowing him
17 to withdraw.  And then there's been a Chapter 7 Trustee
18 appointed in this case.  I don't know if you've talked to the
19 Chapter 7 Trustee, but if you do have issues, the job of the
20 Chapter 7 Trustee is to figure out what expenses need to be
21 paid.  And if you take issue with the payment that you've made,
22 maybe you want to talk to the Chapter 7 Trustee and figure out
23 what's going to go on with your case.
24             MS. MCCLOUD-FORD:  Well --
25             THE COURT:  Have you talked to the Chapter 7 Trustee

1  yet?

2          MS. MCCLOUD-FORD:  No.  Also, you granted the relief

3  of stay.  The only asset that we have is the properties.

4          THE COURT:  Yes.

5          MS. MCCLOUD-FORD:  The reason that it got granted is

6  because Mike Assad did not represent our company right.  So

7  that's what we wanted to appeal for.  We don't really care --

8  there's nothing in the company but the -- but the properties.

9          THE COURT:  Yes.

10         MS. MCCLOUD-FORD:  And we do have -- we had a

11 hardship, but we also do have equity in the property.  Mike

12 Assad told us that he was going to organize, you know --

13         THE COURT:  For an appraisal for you to see the --

14         MS. MCCLOUD-FORD:  All of this different stuff that

15 he did nothing.  When we read what he presented to you, it kind

16 of seems like he's working with the opposal (sic) counsel; it

17 doesn't even make sense.

18         THE COURT:  So today, the only thing that's before me

19 is his motion to withdraw as an attorney, which I think we can

20 all agree should be done, so I'm going to enter that.  And then

21 to the extent that you're unhappy with his services, you could

22 file a motion, or talk to the Chapter 7 Trustee.  But with

23 regard to the motion for relief from the stay, that's an appeal

24 period that's passed.  So --

25         MS. MCCLOUD-FORD:  And I asked him to put in, and

1  prior to it.
2       THE COURT:  Yes.
3       MS. MCCLOUD-FORD:  We have all of it.  So he refused
4  to do -- can I show you this, Your Honor?
5       THE COURT:  So I guess what I'm saying ----
6       MS. MCCLOUD-FORD:  It says we're --
7       THE COURT:  So --
8       MS. MCCLOUD-FORD:  -- not going to do anything.
9       THE COURT:  Right.
10      MS. MCCLOUD-FORD:  This is from them.
11      THE COURT:  So I think that because you're unhappy
12 with Mr. Assad, it sounds like you want to get your money back
13 from him, right?  So if you want to take some action against
14 Mr. Assad, you have to file a motion before me, or you have to
15 do something --
16      MS. MCCLOUD-FORD:  But we're not lawyers.  Everything
17 -- because there's an LLC we where we're told that we -- that's
18 the only reason that we have him still on, because he has to
19 file everything.  He took the rents.  He took advantage of our
20 company.  We're a small company, two properties.  My daughter's
21 name is Jamirah McCloud.  The property, the business name is
22 J. McCloud, that's it.  It's not like a big organization.
23      THE COURT:  Yeah.  Yeah.
24      MS. MCCLOUD-FORD:  The rents were collected.  I even
25 have the proof that we tried to pay --

| | |
|---|---|
| 1 | MS. BOYD: Pay the bank the high fee. |
| 2 | MS. MCCLOUD-FORD: -- the bank, the assignment for |
| 3 | the rent. Mike Assad has on here that he reviewed the mortgage |
| 4 | for an hour. He reviewed the mortgage for an hour, but then on |
| 5 | this, he emails us and we -- |
| 6 | THE COURT: So today -- |
| 7 | MS. MCCLOUD-FORD: -- didn't tell him anything. |
| 8 | THE COURT: So at some point, he got -- he used his |
| 9 | retainer to do all of those services, and it sounds like you |
| 10 | dispute them, right? You think that he didn't spend them? |
| 11 | MS. MCCLOUD-FORD: He didn't do any, service. |
| 12 | THE COURT: Right. |
| 13 | MS. MCCLOUD-FORD: He submitted to you a different |
| 14 | amount; I want you to know that, too. So he submitted to you a |
| 15 | different amount. This is $12,000, and we exhausted it, is |
| 16 | what it says, and it also states that we owe an additional |
| 17 | $700. He submitted to you that he wants to get paid |
| 18 | compensation, this is due next week, for you guys to go to |
| 19 | Court on the 18th for $6700. |
| 20 | THE COURT: That's your fee application, Mr. Assad, |
| 21 | is that -- |
| 22 | MR. ASSAD: Yes, Your Honor. |
| 23 | THE COURT: Okay. So I think I'm going to enter the |
| 24 | order allowing him to withdraw as a case, and then next week, |
| 25 | then it's very relevant to me to hear all of these arguments |

1  about you not paying that extra 60, whatever, hundred dollars,

2  and then we will take it up then.  Okay?

3            MS. MCCLOUD-FORD:  Well, he told us to come here and

4  have you listen to our arguments today.  She flew in for this

5  specific reason.

6            THE COURT:  So today's --

7            MS. MCCLOUD-FORD:  I drove here for this specific

8  reason.

9            THE COURT:  So let me tell you this.  So what I do

10 is, whenever I have hearings on Wednesday, I give everyone

11 options.  You can come in person, or you could just call in.

12 So my suggestion is next week, call in on --

13           THE CLERK:  Nothing on next week.

14           THE COURT:  It's not next week?

15           THE CLERK:  Objection deadline for the filing of --

16           THE COURT:  Oh.

17           THE CLERK:  -- of objections to the appeal.

18           THE COURT:  So next week is not a hearing.  Next week

19 is the objection deadline.  So if you don't want to pay that

20 extra amount, you just need to file something with the Court.

21 So maybe before you leave today, go to the fourth floor, and

22 file an objection to the application.

23           MS. BOYD:  So is -- the attorney doesn't have to

24 file, we can file?

25           THE COURT:  So you can file an objection to his

1   request that you pay him this additional money.  You can say I
2   don't want it to be paid, because I -- for all the reasons you
3   just said to me.  You just need to file that in the Court,
4   before next week; the 18th, Pam?
5           THE CLERK:  Yes.
6           THE COURT:  That's the deadline, you've got to file
7   it on or before then.  And then what will happen is, if you
8   file an objection by that time, it'll trigger a hearing.  And
9   then I'll set up a hearing, and then you can just call in on
10  the hearing, you don't have to come in.  And then you can
11  present all of the evidence to me then.
12          MS. BOYD:  But we won't have an attorney, and we
13  don't have any more money to get an attorney.
14          THE COURT:  Yeah.
15          MS. BOYD:  So how does that work?
16          THE COURT:  So unfortunately, it means that you'll
17  probably have to file things pro se, meaning without an
18  attorney.  So you can go up to the fourth floor, take a piece
19  of paper, and write down what you're.
20          MS. BOYD:  Sorry not to cut you off.  Is the LLC,
21  that's what we were told you're not allowed to do pro se.
22          THE COURT:  Oh, yeah, that's right.  Yeah.  Well --
23          MS. BOYD:  That is the only reason --
24          THE COURT:  Yeah.  Okay.
25          MS. BOYD:  -- we kept him on, so he can file our --

1            THE COURT:  Okay.  Well, purposes -- I mean, usually
2    what I require, is I require an attorney to represent an LLC in
3    an ongoing bankruptcy.  But if it's just for a fee application
4    objection, perhaps we can just do it pro se.
5            MS. MCCLOUD-FORD:  And then what about the -- what is
6    it called?  I'm sorry, I have notes.  The conversion to the
7    Chapter 7?
8            THE COURT:  So that conversion, if you disagree that
9    it should be converted, then you have to file an appeal of that
10   on or before Friday this week.
11           MS. MCCLOUD-FORD:  For us to do that, do we have to
12   have the lawyer?
13           THE COURT:  I mean, that's something that you should
14   have a lawyer for.  And I'm not sure if that's really the
15   issue.
16           MS. BOYD:  Additional, what did it say?
17           THE COURT:  I mean, the most important thing that you
18   really want is you're unhappy with me granting the motion for
19   relief from the stay.
20           MS. MCCLOUD-FORD:  Yes.
21           THE COURT:  Because basically -- so I think what you
22   need to do is, you need to talk to the lender and try and see
23   if you can work something out with the lender.  Because the
24   lender is going to try to foreclose against that real property.
25           MS. BOYD:  The lender and Mike Assad, and, I'm sorry,

1   the Trustee, they all voted is what he told us to have it

2   transferred over.  He pressured us to do a voluntary dismissal.

3   We did the voluntary dismissal.  He still went to Court and got

4   it converted over and got our stuff taken from us.

5           THE COURT:  Uh-huh.

6           MS. BOYD:  We were very misrepresented.

7           MR. ASSAD:  Your Honor --

8           THE COURT:  Okay.  All right.  So like I said,

9   there's nothing more I can do today on the motion withdrawal.

10  But there are some actions that you could take with or without

11  an attorney.

12          MS. MCCLOUD-FORD:  Okay.

13          MS. BOYD:  What can we do about the relief from stay?

14  Because that is -- we also owe a SVA loan --

15          THE COURT:  Yeah.

16          MS. MCCLOUD-FORD:  -- that when they --

17          THE COURT:  So unfortunately, I'm not allowed to give

18  you, it's called like an advisory opinion, like you're asking

19  me for advice and I appreciate that you're not sure how to

20  proceed at this point.

21          MS. BOYD:  Our counsel won't do anything.

22          THE COURT:  Right.  So the only think that I can tell

23  you is that you cannot, the time to appeal that order is done.

24  It's gone, the appeal period has passed, there's nothing that

25  can be done.  So you need to try to work through the State

1   Court, because they're going to try and foreclose on that real
2   property.  That's what you need to do, go hire an attorney to
3   see if there's anything you can do to fight that.
4           MS. BOYD:  But because you have us in Chapter 7,
5   we're in Federal and we can't do both.
6           THE COURT:  Well, if I were you --
7           MS. BOYD:  Our properties --
8           THE COURT:  -- I would --
9           MS. BOYD:  -- are not in --
10          THE COURT:  -- maybe talk to the Chapter 7 Trustee
11  and see if there's a way that the Chapter 7 Trustee might be
12  willing to dismiss your case or give you some advice, but call
13  the Chapter 7 Trustee and see if there's anything that they
14  would suggest doing.
15          MS. BOYD:  The Chapter 7 Trustee told us we have
16  counsel so we cannot talk to him.
17          THE COURT:  Okay.  So tell them that today I just
18  entered an order allowing the attorney to withdraw and you now
19  no longer have counsel, okay?
20          MS. MCCLOUD-FORD:  Okay.
21          MS. BOYD:  So do we -- okay, because --
22          THE COURT:  Call the Chapter 7 Trustee.
23          MS. BOYD:  Okay, is that Holber?
24          THE COURT:  Yeah.  Yeah.
25          MS. BOYD:  Okay.

1           MS. MCCLOUD-FORD:  Okay.
2           THE COURT:  Yeah. Yeah. Okay.
3           MS. BOYD:  My last thing, I wanted to know why you
4    said you could either do one or the other.
5           THE COURT:  So there were two orders that I entered
6    the other day.  One was an order granting relief from the stay,
7    and the rules do not allow me to extend the time for you appeal
8    that, I just can't do it, the rules say that.
9           So I can't extend the time, but it does allow me to
10   extend the time on conversion orders, so I did extend it for
11   just a short amount of time, to give you that chance.
12          MS. BOYD:  So even though we asked our attorney --
13   because he could have appealed it, right?
14          THE COURT:  He could not have -- I couldn't -- he
15   could have appealed it --
16          MS. BOYD:  We asked him --
17          THE COURT:  -- within the timeframe.
18          MS. BOYD:  --  to appeal it.  And instead of him
19   appealing it, he said, I -- I want to withdraw, so I'm not
20   going to appeal it, I'm going to ask for an extension.
21          THE COURT:  Right.
22          MS. BOYD:  So how do you get around that, when your
23   lawyer is supposed to represent you?
24          THE COURT:  It's a problem for you.  I see that that
25   is a problem for you.  So, you know, there might be actions you

1  could take against Mr. Assad, if all of these things that
2  you're saying are true, but I can't give you advice, right?  I
3  can just tell you only what's before me.
4           MS. BOYD:  Uh-huh.  All right.
5           THE COURT:  All right?
6           MS. MCCLOUD-FORD:  She has to remain impartial so
7  she can't give advice --
8           MS. BOYD:  Oh, no, I know that but I'm just -- we
9  have, we put our stuff in, we have --
10          THE COURT:  I understand, I understand, but there's,
11 so there's --
12          MS. BOYD:  You can't make our attorney do what he's
13 supposed to do and represent us?
14          THE COURT:  You have to file a motion in front of me.
15 So the way that it works is it's called due process, right?  So
16 you're unhappy with something that he's done.  If you're
17 unhappy and you want me to take some action, you have to file a
18 motion asking me to do something.
19          You have to serve it on him, file a notice, file a
20 proposed order, and file a certificate of service saying that
21 you served him.  Then once he knows what you're unhappy about,
22 we'll have a hearing, he might object to that, and then we'd
23 have a hearing about all the things you're saying.
24          MS. MCCLOUD-FORD:  Okay.  So I do that on the on the
25 fourth floor?

```
 1              THE COURT:  On the fourth floor, you can file things.
 2   Okay?
 3              MS. MCCLOUD-FORD:  Okay.  And we're filing a motion,
 4   you said, correct?
 5              THE COURT:  If you -- if there's something that you
 6   want, I can't give you advice, but --
 7              MS. BOYD:  I know you can't give us advice, but can
 8   you tell us what that motion is?
 9              THE COURT:  Well, it sounds like you're unhappy.  I
10   mean, I think --
11              MS. BOYD:  Yes.
12              THE COURT:  -- that the best thing you should do is
13   talk to the Chapter 7 Trustee and tell the Trustee all the
14   concerns you have about your attorney and see if they can help
15   you figure something out.
16              MS. MCCLOUD-FORD:  Okay.
17              THE COURT:  Okay?
18              MS. MCCLOUD-FORD:  And do we have notice of who the
19   Trustee is already?
20              THE COURT:  Robert Holber.
21              MS. MCCLOUD-FORD:  Okay.
22              THE COURT:  Okay.  All right.  Good luck.
23              MS. BOYD:  Thank you.
24              THE COURT:  All right.
25         (Proceedings adjourned at 12:29 p.m.)
```

C E R T I F I C A T E

     I hereby certify that the foregoing is a true and correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

*John Buckley*
John Buckley, CET-623
Digital Court Proofreader