UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF PENNSYLVANIA

IN RE: : Case No. 25-11778AMC

J McCloud Realty LLC, CH: 7 :

: Philadelphia, Pennsylvania
: July 23, 2025
: 2:00 p.m.

. . . . . . . . . . . . . . . . . . :

BEFORE THE HONORABLE ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Debtor: Michael I. Assad
Sadek Law Offices, LLC
1500 JFK Boulevard , Suite 220
Philadelphia, PA 19102
215-545-0008

For the Movant: William J. Levant
Kaplin Stewart
910 Harvest Drive
Post Office Box 3037
Blue Bell, PA 19422
610-941-2474

For United States Trustee: John Henry Schanne
DOJ-Ust
Office of The United States Trustee
Robert N.C. Nix Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
202-934-4154

Also Appearing: Robert H. Holber
Robert H. Holber PC
41 East Front Street
Media, PA 19063
610-565-5463

Jamirah McCloud-Ford

Proceedings recorded by electronic sound recording; transcript produced by TheRecordXchange.

JULY 23, 2025 2:00 P.M.

THE COURT: Number 79, J. McCloud Realty. Motion for reconsideration of the relief from the stay order.

Appearances, please.

MS. MCCLOUD-FORD: Jamirah McCloud speaking.

THE COURT: Hi.

MS. BOYD: Khalilah Boyd.

MR. LEVANT: Good afternoon.

THE COURT: Hi.

MR. LEVANT: Sorry.

THE COURT: Okay. First let's take --

MR. LEVANT: William J. Levant.

THE COURT: Okay. The lender, yes.

MR. LEVANT: For the Credit Union.

THE COURT: Yeah. Okay. And then we also, I think I heard the Debtor's principals on the line. Is that right, ma'am?

MR. HOLBER: Yes, she is.

MS. BOYD: Yes.

THE COURT: Okay. I just want to hear that. Okay. In the courtroom we have?

MR. ASSAD: Mike Assad on behalf of Sadek Law Offices.

THE COURT: Okay. And then do we have anyone from the U.S. Trustees office on this? I saw John here.

MR. ASSAD: I saw Mr. Schanne here earlier, but yeah.

THE COURT: Okay. Yeah. Okay. So Mr. Levant, did you know -- I mean, what I was having -- hoping to have this hearing is that I wanted to check in with the U.S. Trustee's office to see if the Debtor had done everything. So Debtors, or Mr. Levant, does anyone know whether the Debtors have --

MR. LEVANT: I can --

THE COURT: Yeah.

MR. LEVANT: I can help you with that.

THE COURT: Yeah.

MR. LEVANT: The Debtor did make the $3,000 payment about --

THE COURT: Okay.

MR. LEVANT: -- a day or two after the last hearing. However, I filed as an exhibit the wire transfer confirmation. The money came not from the Debtor's account, but from the principal's mother's account --

THE COURT: Okay.

MR. LEVANT: -- which puts us right back where we were. I note that no new counsel has appeared for the Debtor. There have been no other filings besides that exhibit that I filed. And the case is essentially in the same place it was when we last spoke. And for that reason, I would ask that reconsideration be denied.

THE COURT: Okay. So as we're sitting here today,

are there delinquent post-petition, adequate protection payments, sir?

MR. LEVANT: No. The Debtor has made the post-petition payments, but if I recall correctly, she does -- not she, I beg your pardon. The LLC no longer has counsel and this is now a Chapter 7.

THE COURT: Uh-huh. So ma'am, do you -- were you were you unable to find chapter -- well, any kind of counsel, any kind of legal representation?

MS. MCCLOUD-FORD: Yes. Everyone's denying it because fear of malpractice.

THE COURT: If you could just repeat that, I just didn't get that. Did you hear what she said? So you were --

MR. LEVANT: I did.

THE COURT: So you were --

MS. MCCLOUD-FORD: Can you hear me?

THE COURT: Were you unable to get counsel? I just couldn't hear you, ma'am.

MS. MCCLOUD-FORD: Yeah. I was unable to get counsel because --

MR. LEVANT: I believe she said everyone was afraid of malpractice.

MS. MCCLOUD-FORD: Yes.

THE COURT: Okay. All right. Well, unfortunately, ma'am -- yeah. So --

MS. MCCLOUD-FORD: Yeah. So --

THE COURT: Yeah.

MS. MCCLOUD-FORD: It's echoing. Can you hear me?

THE COURT: I can totally hear you. Yeah.

MS. MCCLOUD-FORD: Okay. So --

MR. LEVANT: It's better now.

MS. MCCLOUD-FORD: Yeah. Sorry about that.

THE COURT: It's okay.

MS. MCCLOUD-FORD: So what happened, I've approached several attorneys and everybody said, this is too messy. Nobody wants to do anything because of potential malpractice. So we were hoping to get Chapter 7 dismissed because we don't even have our property in the Chapter 7. They're still at the auction. Like, we don't have any rights to our company and there's no more assets in the company.

So we were hoping to get it dismissed and hopefully get an attorney and start fresh because Mike Assad and Brad Sadek, they have all our money. They have done nothing. They have ruined our company. They ruined the credit. They did all of this stuff and I can't even protect myself.

I was asked to pay the money to the bank. I did that. I never had a problem doing that. If you check mostly all of the, you know, the -- the amount that we owe is legal fees because the bank wouldn't allow us to pay.

So that's the only reason I wanted to get in a

Chapter 11, because that is the essential reason we want to be there because we want to pay, be able to pay the arrears.

I have money coming in, waiting for that to come in and pay the arrears and go from there. That's all. That's the only reason we filed Chapter 11.

THE COURT: So ma'am, it's my recollection that at the last hearing, I was trying to give you one last chance to be in a Chapter 11 and I appreciate that you were able to come up with the money to make those adequate protection payments.

But one rule that we have that I simply can't get around is that in order for you to be in a Chapter 11, which I understand is what you want, you do need, unfortunately, to have counsel. And, you know, without counsel, unfortunately, you would not be able to be in a Chapter 11 case. That's just the rules.

MS. MCCLOUD-FORD: Well, we're not in Chapter 11. We're actually in Chapter 7 because you guys voted us to be in a Chapter 7. I had Mr. McGarrity and I asked him if he would help us. He's not comfortable in doing it, but I did ask him if he would help us if it would be in a Chapter 11.

THE COURT: Okay. And I also just --

MR. LEVANT: Your Honor, I can --

THE COURT: Everyone, if we could just hold on one second, everybody --

MR. LEVANT: I can attest to the truth --

THE COURT: Yeah. Mr. Levant, hold on one second. I have the U.S. Trustee.

MR. LEVANT: I'm sorry.

THE COURT: It's okay. I have the U.S. Trustee in the courtroom who just walked in, Mr. Schanne. So would you like to make your appearance, Mr. Schanne?

MR. SCHANNE: Sure. For the record, John Schanne on behalf of the UST. I apologize, Your Honor. Thank you.

THE COURT: So we were here -- have a seat. We are here because on this motion for reconsideration at the last hearing, I think you had some buddies from Jersey pitch in. And what I was trying to relay to your colleagues before and to the Debtor was that the case had been converted to a Chapter 7 and the Debtor wanted to have an opportunity to stay in an 11.

And I had asked the Debtor to do a number of things, some of what she was able to do. She was able to make some adequate protection payments. But one thing she has been unable, unfortunately, to do, despite her trying very hard, is to try to get counsel.

And I tried to explain to her that in order for me to reconsider my conversion of the case to a Chapter 7, I'd like to see Chapter 11 counsel in place that would represent her. And unfortunately, she's been unable to procure counsel. They're all concerned about malpractice and things like that.

So I was -- I wanted to get the U.S. Trustee's

position on the Debtor's motion to reconsider my order, converting the case to a 7. As you just may have heard from the Debtor's principal, they were hoping that perhaps they could get the case dismissed. And I just wanted to know what the U.S. Trustees position was on their request to dismiss the Chapter 7 case.

MR. SCHANNE: Your Honor, have we heard from the Chapter 7 trustee for dismissal?

THE COURT: Yeah. And do we have -- who is the Chapter 7 trustee in this case?

MS. MCCLOUD-FORD: Mr. Holber.

MR. LEVANT: Rob Holber.

THE COURT: So is Mr. Holber on the line, Tashay (phonetic)? Oh, Mr. Holber.

MR. HOLBER: I'm here, Judge.

THE COURT: Okay.

MR. HOLBER: I was just waiting for my name to come up.

THE COURT: Yeah. Mr. Holber, would you be inclined to have this case be dismissed?

MR. HOLBER: Judge, if memory serves me correctly, have schedules even been filed in this case?

THE COURT: At the last hearing, schedules had not been filed.

MS. MCCLOUD-FORD: No.

THE COURT: Okay. All right, Mr. Schanne, did you want to say something?

MR. SCHANNE: So Your Honor, we, the Office of the United States Trustee pushed for a conversion because of the unknown, right? The facts that we did know were problematic, but primarily we were dealing with the unknown. It sounds like that's still where we are.

So I'm not sure how flipping back to a Chapter 11 would be appropriate at this time, nor dismissal, because I think these facts need to be explored.

THE COURT: Okay. So Mr. Holber, would you object to a dismissal or -- I mean, I think that the U.S. Trustee is basically deferring to you. If you're open to a dismissal, then he would, I guess, go along with it.

But if you thought that there were assets that could be administered and you wanted to keep this case alive, have you been faced with this question before from the Debtor about dismissal of the case?

MR. HOLBER: No. I talked recently with the Debtor. I just don't have any information.

THE COURT: Okay.

MR. HOLBER: Mr. Levant suggested that there aren't -- there is no equity in whatever assets might be there, but I have no idea.

THE COURT: Okay. So this is what I'm going to do --

MS. MCCLOUD-FORD: Mr. Holber -- excuse me. Mr. Holber, I talked to you and you said you would have no objection to dismissing the Chapter 7, especially because the properties aren't in Chapter 7. You guys granted the relief of stay to the bank. So there's no assets in the -- that's the only asset. So you told me you would have no objection.

MR. HOLBER: What name is the properties in?

MS. MCCLOUD-FORD: The J. McCloud Realty.

MR. HOLBER: Well, isn't that who's in bankruptcy?

MS. MCCLOUD-FORD: It is, but you guys granted the relief of stay. So there's no more assets. The assets are at the auction on August the 5th.

MR. HOLBER: Well, I'm not going to give you legal advice, but you said contradictory things, I believe.

THE COURT: Okay. So everyone, let me just tell you where I am. So Debtor, the only matter that we're here on today is your motion for reconsideration of my conversion order to a Chapter 7. And I am in agreement with my U.S. Trustee that it seems like we would not be in a position to be able to convert this case back to a Chapter 11. So I'm going to deny that.

But to the extent that you're interested in dismissing the Chapter 7 case, I invite you to have further conversations with Mr. Holber. And I think, Mr. Holber, I think what she's saying, and I don't know if all this is going

to play out, but I think her essential point is that the only real asset of this Debtor is a piece of real property. I granted relief from the stay. There's probably not much to administer. So she wants a dismissal of the case.

But I'll leave that to the two of you to figure out how to proceed in the Chapter 7 case, okay?

MR. SCHANNE: Your Honor --

MR. LEVANT: Your Honor, may I be heard on that point?

THE COURT: Oh, yeah, go ahead, Mr. Levant.

MR. LEVANT: I'm sorry. What I would prefer is this to stay in Chapter 7 at least for another three weeks or so because I don't want to have this happen again. I'll be in my sheriff's sale the 5th of August.

THE COURT: Yeah. Right.

MR. LEVANT: And then I'm done. If she dismisses and refiles --

THE COURT: Okay.

MR. LEVANT: -- we get to do this again. There are no schedules. She didn't make the 341. I mean, there's really nothing in this case.

THE COURT: Okay. So as I --

MS. MCCLOUD-FORD: We never got a chance to do anything.

MS. BOYD: Never had an opportunity.

MS. MCCLOUD-FORD: We never got a chance. We never got a fair chance. I'm listening to 79 cases where some of the people that were on, you know, on these -- the list to be heard, there's 2004, there's 2024. We were two weeks, two weeks. We never got a fair chance to even file because we had a negligent lawyer and attorney that duped us. That's not fair. That's why we can't --

MR. LEVANT: 2004 is a rule, not a year.

THE COURT: Right. Okay. Yeah. So everybody, as I said before, the only matter that I'm here to listen to today is whether or not I could potentially reconvert this case back to a Chapter 11. And because Debtor doesn't have counsel, I'm unable to reconvert that. I hear that the Debtor's principal is interested in a dismissal, but that's not before me today.

So to the extent that something is --

MS. MCCLOUD-FORD: The only thing that is before you actually is the relief of stay, to grant us the relief of stay. So that's before you, nothing else. Nothing else is before you.

THE CLERK: There are two motions to reconsider. The one is --

THE COURT: I think that there's two motions to reconsider.

MS. MCCLOUD-FORD: No. This --

THE COURT: All right. So there's --

MS. MCCLOUD-FORD: No, it's not.

THE CLERK: There's one scheduled for today, the other one's not noticed.

MR. LEVANT: I think you denied the other one.

MS. MCCLOUD-FORD: No, she didn't. I didn't do it because we didn't have counsel. And once she rescheduled this --

(Court and clerk confer)

MS. MCCLOUD-FORD: Yes. That's the only thing that we're talking about today.

MR. SCHANNE: Your Honor, it's only the relief of stay --

MS. MCCLOUD-FORD: The -- talking about.

MR. SCHANNE: -- which is why I --

THE COURT: Oh, I'm so sorry.

MR. SCHANNE: -- asked to be excuse -- yeah.

THE COURT: I know. Okay. I just remembered that this was the conversion. So apparently on the -- you did file a motion for reconsideration of the conversion. And it sounds like that was not properly noticed. Is that right, Pam?

THE CLERK: Not noticed yet.

THE COURT: Yeah. So I don't have that even before me. So actually the only issue I have before me now is your motion to reconsider the motion for relief.

So Mr. Levant, the motion for relief I granted based

upon the Debtor's failure to come up with the post-petition monies. And so I think we came up with an amount, I think. And so I guess, are you saying that she is current on all post-petition payments?

MR. LEVANT: She paid the agreed amount. But I think the fact that this case has been open since May and has basically done nothing is also cause for stay relief. And the money is nice and we appreciate it, but this case has no schedules. The case has no 341 hearing. And the case has no attorney. And it would be unjust --

MS. MCCLOUD-FORD: And that's the whole reason that I -- Exactly. I'm sorry.

MR. LEVANT: -- file Chapter 7 --

MS. MCCLOUD-FORD: And that's the whole reason that I'm asking the Judge to grant us time to get a lawyer. The lawyers are scared to even deal with us because of the negligence of the attorney that we had before. He never -- he never filed schedules, but he gave you something to say he doesn't believe that we can -- our Chapter 11 will be successful.

That right there automatically shows you that we were already blindsided. We were not -- they were not on our side. We're fighting with the Court --

THE COURT: All right. So ma'am, excuse me?

MS. MCCLOUD-FORD: We're fighting --

THE COURT: Tashay, can you --

MS. MCCLOUD-FORD: Yes.

THE COURT: All right. So ma'am, unfortunately, it sounds like the only motion we're actually here for today is your reconsideration of the motion for relief from the stay. The motion for relief for stay was granted in the context of a Chapter 11 where I thought that adequate protection needed to be paid to the secured lender. And at the time, we were in a Chapter 11 context.

So there was also your motion to reconsider the conversion order, which was unfortunately not noticed for today. So I can't have a hearing on the motion for reconsideration. So as it stands today, it's a Chapter 7 case. I've already granted relief from the stay. And in a Chapter 7 context, there's not much I can do because that's more like a liquidation. So this is not the kind of chapter where you're trying to reorganize and you're trying to make payments.

So given that I'm in a --

MS. MCCLOUD-FORD: But why did we have to pay? Why did we have to pay if we're --

THE COURT: So you had to pay in conjunction with your attempt, which I was hoping you might be able to do, to reconvert the case back to a Chapter 11. So those kind of went hand in hand, where I wanted to see if you had a chance to try to reconvert the case to a Chapter 11. And in order to do

that, you had to do a number of things, which we discussed last time, like filing schedules, Statement of Financial Affairs, just like the basic documents. And unfortunately, we still don't have the basic documents in those cases.

MS. MCCLOUD-FORD: Well, we've never got a chance to go before anybody to give them the schedules because our attorney refused to do it. So this is like you're siding with the attorney who refused to help us. This doesn't even make sense.

THE COURT: Well, I guess what I disagree --

MS. MCCLOUD-FORD: We need the Chapter 7 to get --

THE COURT: Tashay, if you could mute them.

MS. BOYD: Excuse me? Excuse me?

THE COURT: Yeah?

MS. BOYD: I have a question. On that first motion for the last one, I actually submitted the schedules that I submitted to the original lawyer.

THE COURT: So -- all right. I know. It's okay.

MS. BOYD: -- as evidence --

THE COURT: Could you just mute everybody? All right. So I apologize, ladies, for having to mute you, but I think I've heard enough in this case to be able to make a ruling, which is that at the last hearing, I basically was giving the Debtors the one last final chance to try to see if they could be in a Chapter 11. And while making the payments

to Mr. Levant's clients was one of those requirements, I also needed you to get counsel, to file your schedules, your Statement of Financial Affairs.

I understand that you had an initial issue with Mr. Assad and you felt like that wasn't done with him. But the last 30 days was being given to you, might have been more than 30 days, basically to try and give you the opportunity to file the schedules, to file the other documents and to get the lawyer. But because we don't have any of those things, it would not make any sense for me to reconsider my order granting relief from this stay.

So I'm going to deny the motion for reconsideration at this time. Thank you, everybody.

MR. LEVANT: Thank you, Your Honor.

(Proceedings adjourned at 2:19 p.m.)

CERTIFICATE

I hereby certify that the foregoing is a true and correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

John Buckley

John Buckley, CET-623
Digital Court Proofreader