UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF PENNSYLVANIA

```
                                    :
IN RE:                              : Case No.  25-11778AMC
                                    :
J McCloud Realty LLC,      CH: 7    :
                                    : Philadelphia, Pennsylvania
                                    : August 4, 2025
                                    : 12:00 p.m.
                                    :
. . . . . . . . . . . . . . . . . . :
```

BEFORE THE HONORABLE ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE

<u>APPEARANCES</u>:

For the Debtor:            Maggie S Soboleski
                           Maggie Soboleski
                           1632 Ellsworth Street
                           Philadelphia, PA 19146
                           215-620-2132

For the Movant:            William J. Levant
                           Kaplin Stewart
                           910 Harvest Drive
                           Post Office Box 3037
                           Blue Bell, PA 19422
                           610-941-2474

For United States          John Henry Schanne
Trustee:                   DOJ-Ust
                           Office of The United States Trustee
                           Robert N.C. Nix Federal Building
                           900 Market Street, Suite 320
                           Philadelphia, PA 19107
                           202-934-4154

For the Trustee:           Robert H. Holber
                           Robert H. Holber PC
                           41 East Front Street
                           Media, PA 19063
                           610-565-5463

Also Appearing:            Khalilah Boyd
                           Michael Assad

Proceedings recorded by electronic sound recording;
transcript produced by TheRecordXchange.

```
1   AUGUST 4, 2025                                12:00 P.M.

2           THE COURT:  Good afternoon.  Today is Monday, August

3   4th.  This is a call of the one matter listed at noon, it's J.

4   McCloud Realty, LLC case, and it's a pro se Debtor motion from

5   the Debtor for reconsideration to dismiss and for sanctions.

6   Appearances, please.

7           MS. SOBOLESKI:  Good afternoon.  This is Maggie

8   Soboleski.  I entered my appearance for the Debtor yesterday.

9           THE COURT:  Okay.

10          MR. LEVANT:  Good afternoon.  William J. Levant for

11  Philadelphia Federal Credit Union.

12          THE COURT:  Okay.

13          MR. HOLBER:  Happy noon, Judge.  Rob Holber, the

14  trustee in the case.

15          THE COURT:  Okay.

16          MR. ASSAD:  Good afternoon.  Mike Assad on behalf of

17  Sadek Law Offices.

18          THE COURT:  Okay.

19          MR. SCHANNE:  John Schanne on behalf of the UST.

20  Good afternoon.

21          THE COURT:  Good afternoon.

22          MS. BOYD:  Good afternoon.  This is Kahlila Boyd.

23          THE COURT:  Okay.  So Ms. Soboleski, you're going to

24  be representing the Debtor in this matter?

25          MS. SOBOLESKI:  Yes, Your Honor, for today's hearing,
```

1   yes.

2          THE COURT:  Okay.  Okay.  So the Debtor had filed

3   this emergency motion to dismiss the case, and it sounded like

4   the Chapter 7 trustee was open to that.  I don't know, Ms.

5   Soboleski, if you've had a chance to talk to Mr. Holber about

6   this motion.

7          MS. SOBOLESKI:  I did, Your Honor.

8          THE COURT:  Okay.  Where are we?

9          MS. SOBOLESKI:  I'm not sure where Mr. Holber and I

10  are, but I know that the client, the Debtor, would prefer to

11  have the case dismissed or converted back to an 11 and have the

12  May 22nd order granting relief from the stay vacated.

13         THE COURT:  Well, I don't think we're here on that.

14  The only thing I think we're here on is just the dismissal.

15  Well, I don't know.  I mean, I guess the emergency motion, you

16  know, I guess it said a bunch of different things, but Mr.

17  Holber, where are you on the request for a dismissal?

18         MR. HOLBER:  I don't oppose, Judge.

19         THE COURT:  Okay.  Now, Mr. Levant, I'm sure you're

20  not happy about this.  I don't know if you want an opportunity

21  to speak.  You know, it's one thing on the, you know, I've

22  already granted your motion for relief.  You know, but -- and I

23  know --

24         MR. LEVANT:  I just have two very short --

25         THE COURT:  Yes.

 1          MR. LEVANT:  -- observations to make.

 2          THE COURT:  Go ahead.

 3          MR. LEVANT:  One of them is I will remind the Court

 4   that Ms. Soboleski parachuted into another failed bankruptcy at

 5   the very last minute, late last year and early this year,

 6   called Dream Chasers.  And this seems to be her stock in trade.

 7          I will also tell you that concurrently, she has filed

 8   a whole string of motions to postpone the sheriff sale

 9   scheduled in state court for tomorrow.

10          THE COURT:  Yes.

11          MR. LEVANT:  And I'm working through them now.

12   There's basically no reason to revisit the stay order, stay

13   relief order, which you revisited in the previous hearing.

14   There are no grounds to do so.  And I have interim relief.  So

15   even if you dismiss this case, which I would ask that you hold

16   until the 6th, if you would, I can proceed with my sales

17   tomorrow unless the state court orders otherwise.

18          This is just -- this is becoming ridiculous.  And

19   that's -- that's all I have to say.

20          THE COURT:  Okay.  Ms. Soboleski, did you want to

21   respond to any of that?

22          MS. SOBOLESKI:  Just that that was completely

23   irrelevant and obnoxious, but okay.  I mean, I don't know why

24   he had to bring up any prior cases, but --

25          THE COURT:  Yeah.  I mean, Mr. Levant, I'm not -- I

1    think I'm in agreement with Ms. Soboleski, you know, I'm happy

2    that the Debtor was able to at least, you know, to find an

3    attorney who appears before me.  And I would like to note for

4    the record that she represents many successful debtor cases

5    also.  So I personally don't think it was appropriate for you

6    to make those observations about Ms. Soboleski.  I hear your

7    frustration about this case, but this Debtor, this is the first

8    time this Debtor was before me.  So while I understand that

9    it's not ideal for you, I think that the only thing before me

10   is the motion to dismiss, which it sounds like the Chapter 7

11   trustee does not oppose.  And I am going to grant the motion to

12   dismiss.  And if the Debtor does refile a case, you know, my

13   hope is that the Debtor will, you know, use counsel like Ms.

14   Soboleski and hopefully do all the things that they were

15   supposed to do the first time around.

16         MR. LEVANT:  Your Honor, I have interim stay relief.

17   So I intend to proceed tomorrow --

18         THE COURT:  Okay.

19         MR. LEVANT:  -- unless otherwise --

20         THE COURT:  Okay.

21         MR. LEVANT:  -- ordered by the state court.

22         THE COURT:  All right.  I hear you.  Okay.  So I am

23   going to grant that motion to dismiss and I think that

24   concludes our business for today.

25         MS. SOBOLESKI:  Thank you, Your Honor.

1           MR. HOLBER:  Thank you, Judge.

2           THE COURT:  Thank you, everyone.

3           MS. BOYD:  Hello?

4           THE COURT:  Yes?

5           MS. BOYD:  Judge Chan?

6           THE COURT:  Yeah?

7           MS. BOYD:  This is Khalilah.

8           THE COURT:  Yeah.

9           MS. BOYD:  The interim, that means that we cannot

10 file bankruptcy again.  That's not fair to us.  We were -- like

11 you said, this is our first time before you.  We had a lot of

12 issues with our prior counsel and that was the reason that it

13 was granted.  I'm asking that you give us a fair chance.

14          Last month, you didn't hear us out because we didn't

15 have an attorney.  Nobody wanted to represent us the way that

16 things are.  Ms. Soboleski is giving us a shot.  I would like

17 the shot to be able to do Chapter 11.  We did everything.  We

18 even paid --

19          THE COURT:  Yes.

20          MS. BOYD:  We even paid, you know, when we wasn't

21 even, you know, the properties are at sheriff sale.  This is

22 bad.

23          THE COURT:  Well, I'm not barring you from refiling

24 and I did previously enter the relief.  So my suggestion is

25 that at the conclusion of this call, you talk to Ms. Soboleski,

1    who's your advocate, and she can direct you, give you the best

2    advice to try to save those properties, whether it's fight in

3    state court or do whatever you need to do.

4            MS. BOYD:  Ms. Soboleski is the one -- I'm sorry.

5    She brought it to our attention that we can't refile.  That's

6    in the stipulation in the interim order that we can't refile.

7    The properties don't go back in.  That's what it says on the

8    order.

9            THE COURT:  So Ms. Soboleski, I'm not entering --

10            MS. SOBOLESKI:  Yes.

11            THE COURT:  -- an order barring her from refiling.  I

12    mean, there might be --

13            MS. SOBOLESKI:  I know.  I understand.

14            THE COURT:  Yeah.  Right.

15            MS. SOBOLESKI:  I understand.

16            THE COURT:  Yeah.

17            MS. SOBOLESKI:  I'll speak with my client after.

18            THE COURT:  Yeah.  And try and work it out.  Okay.

19    All right.  So I just advise that you speak to your attorney

20    offline so she can give you the best advice to try to save your

21    properties, okay?

22            MS. BOYD:  Even though the interim says we cannot

23    file?  It says for future filings, we cannot file.

24            THE COURT:  Well, the way that it works is that I

25    granted certain relief in the past.  I think that your best

1    hope to save the properties is to take it up with the state

2    Court.  That is going to be your best option.  But you should

3    talk to your attorney about that, okay?

4              MS. SOBOLESKI:  I'll talk to you after the hearing,

5    Khalilah, okay?

6              THE COURT:  Okay.  All right, everyone.  Well, have a

7    good day and stay safe.

8              MS. SOBOLESKI:  Thank you.

9              MS. BOYD:  And what about the -- what about the

10   sanctions?

11             THE COURT:  I do not see --

12             MS. BOYD:  What about the return of the money?

13             THE COURT:  So I understand that an application has

14   been filed, I believe, by Mr. Assad.  And I think there's a

15   hearing.  Pam, am I wrong about that?

16             THE CLERK:  Yes.  No, there's a hearing I believe

17   September 3rd.

18             THE COURT:  Okay.  So I think that --

19             MS. BOYD:  No, that's the one that you had in for

20   now.

21             THE COURT:  Well, I think that you object to the fee

22   request by your former attorney, right?

23             MS. BOYD:  Yes.

24             THE COURT:  Okay.  So we're going to have a hearing

25   on that.  And I suggest that you file, you know, whatever

1    motion you believe is appropriate.  And you should probably

2    talk to your attorney about that, okay?

3          MS. BOYD:  Is Ms. Pam on here?

4          THE CLERK:  I am.

5          MS. BOYD:  Ms. Pam, that's the motion that we filed

6    today, right?  With all the stuff on it?

7          THE CLERK:  You filed it -- no.  The motion that --

8    there is another hearing scheduled September 3rd at 12:30 on

9    the fee application.

10          MS. BOYD:  I didn't get it.  Who filed it?  I didn't

11    get it.  Ms. Soboleski --

12          THE COURT:  Well, I think that -- yeah.

13          MS. BOYD:  -- is this the one that she just today?

14    Did she hang up?  Ms. Soboleski?  She might have hung up.  She

15    told me that was the one that was scheduled for today.  This

16    whole thing is really bad.  Really bad.

17          THE COURT:  Ms. Boyd, she did say that she would

18    speak to you.  That's probably why she hung up so quickly.

19          MS. BOYD:  Okay.  Cause I just wanted to make sure

20    that all the points were heard.  And even on the -- when you

21    look on online, it says, even -- it says all the things.  It

22    says it all.

23          THE COURT:  I am not prepared to enter sanctions

24    right now, but I am happy to hear whatever objections you have

25    to the request for attorney's fees by your former attorney.

1            So my suggestion is that you speak to Ms. Soboleski

2    after this hearing and ask her what the appropriate action

3    would be to take with regard to that issue.  I just can't give

4    you the legal advice, but you should talk to her about that,

5    okay?  Okay.  All right.  That concludes today's hearing.

6            MS. BOYD:  Except our properties at the sheriff sale

7    with a -- with a interim order to never be able to file again.

8            THE COURT:  So like I said, ma'am, you should

9    probably talk to your attorney about all of this, okay?

10            MS. BOYD:  I'm not going to --

11            THE COURT:  But I'm concluding this hearing today.

12            MS. BOYD:  -- hired for today.  She's not hired for

13    state court, she's hired for bankruptcy.

14            THE COURT:  Okay.  But I think that she can give you

15    some advice.  It sounds like she was willing to speak to you

16    after the hearing, so I suggest that you do that.

17            MS. BOYD:  Well, I'm just stating -- has our money,

18    so how am I going to pay for state court?

19            THE COURT:  Okay.  So there's nothing more I can do.

20    I granted your motion to dismiss the case, and I just suggest

21    you talk to Ms. Soboleski.

22            All right, Pam, so that concludes our hearing for

23    today, and Tashay, if you could just take us off the recording.

24        (Proceedings adjourned at 9:10 a.m.)

25

## C E R T I F I C A T E

I hereby certify that the foregoing is a true and correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


*John Buckley*
John Buckley, CET-623
Digital Court Proofreader